FILED MAY 23 '08 09:41 USBCRI

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF RHODE ISLAND

**IN RE: CUMBERLAND INVESTMENT CORPORATION** **CA. NO. 89-11051**

## STATEMENT OF THE ISSUES IN AN APPEAL OF THE DENIAL OF MOTION TO CLARIFY FIRST AND FINAL FEE APPLICATION OF EDWARDS ANGELL PALMER & DODGE LLP, AND DENIAL OF STANDING OF PETITIONER TO BE HEARD

Now comes Petitioner, Harold F. Chorney, who is an aggrieved party with property interests and without assistance of counsel in the above referenced case, and who presents the following:

Statement of the Issues in an Appeal of Court Order [Docket #1007] Denial of Motion to Clarify the First and Final Fee Application of Edwards Angell Palmer & Dodge LLP, and the Denial of Standing of Harold F. Chorney as contained on page 29 of the Transcript of the Bankruptcy Court Hearing on May 7, 2008.

The Issues are as follows:

1. The Bankruptcy Court has denied due process to the Petitioner by allowing the unfair taking of his personal property in violation of the Fifth Amendment to the Constitution of the United States of America and has implemented unfair

procedures and decisions preventing Petitioner from discovering what happened to his personal property.

2. The Bankruptcy Court erred in not granting Petitioner, an aggrieved party with a pecuniary interest, his rightful standing to participate and question "professionals" on this case concerning an accounting of the assets of this case and the billings submitted by said "professionals".. The due process clause of the Fifth Amendment to the Constitution of the United States of America, guarantees Petitioner the right to be heard in these circumstances.
3. The Court erred in not granting Petitioner, ordered by the Bankruptcy Court to pay $200,000.00 in financial compensation, with interest totaling in excess of $500,000.00, to have standing as an aggrieved party with a pecuniary interest, so that Petitioner could question the billings of those who claimed their services have been made necessary by the actions of Petitioner, especially in light of the fact that these billings contain numerous and serious discrepancies.
4. Petitioner was denied due process when a full and fair hearing was denied to Petitioner after he was presented with the "position" papers of the other parties shortly before the hearing and the docket was manipulated to favor the presentation of those positions, depriving Petitioner the opportunity to respond adequately to the arguments presented.

5. Petitioner was denied due process when a full and fair hearing was denied to him after the docket was manipulated in a manner designed to deprive Petitioner the opportunity to present his case and to examine Attorney Bertozzi and Attorney Cullen concerning some 20 discrepancies in their billings.
6. Petitioner was denied due process when full and fair hearings were denied and discovery concerning Petitioner's Motion to Clarify, prior to the March 27, 2008 and May 7, 2008 hearings, was not allowed by the court.
7. Petitioner was denied a full and fair hearing when he could not ask through discovery or at the hearings on March 27, 2008 and May 7, 2008, whether payments were made to Attorney Bertozzi or Attorney Cullen as stated in the Court Order, dated December 12, 1990 [206-1].
8. Petitioner was denied a full and fair hearing by the unexplained absence of Attorney Cullen at the hearing on May 7, 2008. Attorney Cullen's absence deprived both Petitioner and the Bankruptcy Court of the ability to compare his billings to the billings of Attorney Bertozzi to possibly uncover evidence as to the location of Petitioner's personal assets.
9. Petitioner was denied due process when a request to the Court for a "comfort letter" concerning Attorney Bertozzi and Edwards Angell Palmer & Dodge LLP being responsible for their actions despite not being paid for the time billed in the so called "Missing Bertozzi Billing", was denied to Petitioner.

10. Petitioner was denied due process by failure of the court to administer this case by enforcing its fiduciary responsibility to have the Trustee provide an accounting of the assets of the case as required by statute.

11. Petitioner in being denied fair treatment and is being denied equal protection under the law in accord with the guarantees of the Fourteenth Amendment to the Constitution of the United States of America.

12. Petitioner avers that the repeated references to prior orders and sanctions of Petitioner by Judge Votolato and Judge Votolato's conduct and continued participation in Petitioner's hearing on the Motion to Clarify the billings deprived Petitioner of due process and the right to a full and fair hearing on his motion.

Respectfully submitted

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919

401 934-0536

**CERTIFICATION**

I hereby certify that on this 23rd day May 2008, I sent a copy of the above by first class mail to the following:

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Ave.
Cranston, R.I. 02910

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

John F. Cullen
Law Office of John F. Cullen, PC
17 Accord Park Drive, Ste 103
Norwell, MA 02061

United States Trustee
Thomas P. O'Neill, Jr. Federal Office Bldg.
10 Causeway Street Room 472
Boston, MA 02222-1043

Harold F. Chorney
HAROLD F. CHORNEY