FILED JUN 13 '08 12:04 USDCRI

# DESIGNATION OF THE RECORD TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND FROM A JUDGMENT OR ORDER OF THE BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND SUPPLEMENT

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND

**IN RE: CUMBERLAND INVESTMENT CORPORATION** **CA. NO. 89-11051**

## DESIGNATION OF THE RECORD

1. 13May 2008 — Letter to Judge Votolato in re: Notice of Appeal
2. 13 May 2008 — Notice of Appeal [Docket 1012]
3. 8 May 2008 — Order Denying [Document #966] After Hearing [1007] on Motion to Clarify by Interested Party Harold Chorney
4. 7 May 2008 — Transcript of May 7, 2008, Hearing [1017]
5. 7 May 2008 — Docket Sheet of May 7, 2008
6. 6 May 2008 — Position of Edwards Angell Palmer Dodge LLP [1002] to Response filed by Chorney [995 & 996]
7. 6 May 2008 — Position of U.S. Trustee to Response filed by Chorney as to #966 and the Fee Application of Edwards Angell Palmer & Dodge LLP [1005]
8. 6 May 2008 — Position of Chapter 7 Trustee, Jason Monzack [1004] to Response filed by Harold Chorney docketed 995 and 996
9. 1 May 2008 — Judge's Orders Requesting Position of U.S. Trustee

[999], Chapter 7, Trustee [998] and Edwards Angell Palmer Dodge LLP (E.A.P.D.) [997] on written position from Interested Party Harold Chorney [995 & 996]

| | |
|---|---|
| 10. 24 April 2008 | Letter to Judge Votolato re: [996] Harold F. Chorney's comments on Position and Supplemental Position of Chapter 7 Trustee to Chorney's Motion to Clarify First and Final Application for Fees and Expense of E.A.P.D. |
| 11. 18 April 2008 | Letter to Judge Votolato re:[995] Harold F. Chorney's Offer of Proof Concerning Standing, docketed 4/25/2008. |
| 12.17 April 2008 | Supplement to Position of Chapter 7 Trustee, Jason D. Monzack [993] to Chorney's Motion to Clarify First and Final App. For Fees & Expenses of E.A.P.D. (Docket 966) |
| 13. 8 April 2008 | Hearing [989] rescheduled by Court on [931] Application by E.A.P.D. for Fees & Expenses, [951] Application for Final compensation filed by John Cullen, [966] Motion to Clarify, [967] Memorandum filed by Harold Chorney, [975] Response filed by Trustee Monzack, [984] Response by U.S. Trustee, [971] Response filed by E.A.P.D. |
| 14. 8 April 2008 | Transcript [988] of Hearing March 27, 2008, Held and continued |
| 15. 27 March 2008 | Letter from Clerk of Court, dated March 27, 2008 in re: February 23, 2008, letter to Judge Votolato and returning 1. Petitioner's Motion for 60 Day Continuance concerning March 6, 2008, Hearing on Fee App. of E.A.P.D. |
| 16. 13 March 2008 | Appellant Harold F. Chorney Response to Show Cause Motion serviced to Judge Votolato, Edward |

Bertozzi, U.S. Trustee, Jason Monzack, and John F. Cullen

17. 13 March 2008 Appendix Part III to Response to Show Cause Motion

18. 27 March 2008 Docket Sheet of March 27, 2008

19. 27 March 2008 Petitioner's Motion to Assist and Help the Court concerning the First and Final Application for Fees &Expenses of E.A.P.D. with 5 Exhibits:

1. Court Order, dated Dec. 12, 1990 [206-1]

   A. November 16, 1993, Affidavit of Donald C. McQueen, Vice President of Eastland Bank

2. First & Final App for Fees & Expenses of E.A.P.D. [931]

3. Affidavit of Edward Bertozzi, of E.A.P.D. , Dated 10/1/91 [docket #414] Billings to Trustee and Examiner for August 31, 1991 through March 29, 1993

4. Final Application for Fees & Expenses of John F. Cullen, dated October 26, 2007 [951]

5. Affidavit of John F. Cullen, dated 9/26/91, [docket #412] Billing from 9/28/90 to 9/25/91

20. 27 Feb 2008 Position of Chapter 7 Trustee Jason D. Monzack [975] to Harold F. Chorney's Motion to Clarify First and Final Application for Fees and Expenses of E.A.P.D. LLP (Docket No. 966)

21. 25 Feb 2008 Notice of Continued Hearing [973-1] on Motion to Clarify [966-967] for 3/27/2008

22. 25 Feb 2008 Order [973] granting Document 972

| | |
|---|---|
| 23. 19 Feb 2008 | Position of Edwards Angell Palmer & Dodge LLP [971] on Motion (Docket No. 966 filed by Harold Chorney) and Motion for Continuance of Hearing on Same [972] |
| 24. 14 Feb 2008 | Notice of Hearing on 3/6/2008 [968] re: Motion to Clarify [966-967] Application for Final Compensation of E.A.P.D. [931] |
| 25. 14 Feb 2008 | Letter to Judge Votolato and Motion to Clarify, dated August 3, 2007, "Filed Feb 05'08 12:40 USBCRI CAL [965][966][967] |
| 26. 26 Oct 2007 | Application for Final Compensation for John F. Cullen [951] |
| 27. 20 Aug 2007 | Letter to Judge Votolato with Motion to Clarify. NOT DOCKETED. (See 23. above.) |
| 28. 3 Aug 2007 | Letter to Judge Votolato with Motion to Clarify. NOT DOCKETED. "See 23. above.) |
| 29. 20 July 2007 | Application by Edwards Angell Palmer Dodge LLP for Compensation [931] |

Respectfully submitted,

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919
401 934-0536

**CERTIFICATION**

I hereby certify that on this 15th day of June 2008, a copy of the Designation of the Record was sent by first class mail to Jason D. Monzack, Kirshenbaum & Kirshenbaum, 888 Reservoir Ave, Cranston, R.I. 02910.

Harold F. Chorney

HAROLD F. CHORNEY

FILED JUN 13 '08 12:05 USBCRI

**AFFIDAVIT**

I, Donald C. McQueen, being sworn, depose and state the following:

1. I was employed as Senior Vice President of Eastland Bank from June 1991 through December 1992. As such I was responsible for the management, administration, and resolution of the bank's non-performing loans. One of those loans was to Cumberland Investment Corporation.

2. Prior to my coming to Eastland Bank, Cumberland had been petitioned into bankruptcy, so during the time I worked at Eastland Bank I was involved with the activity of the Trustee in bankruptcy and his efforts to efficiently secure, appraise, and liquidate the assets of Cumberland.

3. During my stay at Eastland Bank, the bank, at the request of the Trustee, provided financing to enable the Trustee to collect and administer the assets of the bankrupt estate. To the best of my recollection over $200,000 was used by the Trustee to collect, secure, store, and safeguard the coins and other tangible assets of Cumberland. Part of that expenditure by the bank was to pay the fees of the attorney for the Trustee.

4. In addition to providing financing for the Trustee, Eastland Bank also expended large sums of money for its own counsel who represented the bank during the long and arduous bankruptcy proceedings of Cumberland. I do not recall how much was spent by the bank for its legal counsel but I do recall it was a substantial amount of money, and included fees for the bank to defend itself when it was sued by Wescap, the parent company of Cumberland.

5. In my opinion, based on my knowledge and experience, which includes 11 years in the banking business prior to being employed by Eastland Bank, the Cumberland loan, which amounted to $2,500,000 at the time Cumberland went into bankruptcy, was one of the largest commercial bank loans extended by Eastland Bank at that time; when it defaulted it contributed to a large degree to the eventual failure of Eastland Bank. Not only did the bank lose $2,500,000 in principal but it also lost substantial income that should have been generated from such a loan. In addition, the bank lost the use of the monies it had to expend to assist the Trustee and to pay its own attorneys. All in all the bank lost a great deal more than the principal amount of $2,500,000. These factors significantly contributed to the demise of the bank, resulting in an inconvenience to the people of Rhode Island and neighboring Massachusetts who are the bank's depositors and customers. It also resulted in the loss of several hundred jobs at the bank.

6. As the result of the loss of these monies the equity capital of the bank became seriously impaired, so much so that the Federal Deposit Insurance Corporation issued a cease and desist order which affected the bank's ability to compete and operate in a normal fashion. When I joined Eastland Bank the cease and desist order had already been issued by the Federal Deposit Insurance Corporation and it was very difficult for the bank to function in a normal capacity while I was employed there.

DONALD C. McQUEEN

Subscribed and sworn to before
me this 16th day November, 1993,
at Providence, Rhode Island.

NOTARY PUBLIC
Notary Public
My commission expires June 17, 1995