UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CUMBERLAND INVESTMENT CORPORATION | ) | Chapter 7 |
| | ) | Case No. 89-11051 |
| | ) | |
| Debtor | ) | |

RESPONSE OF THE UNITED STATES TRUSTEE
TO DOCUMENT FILED BY HAROLD CHORNEY DOCKETED AS # NO. 966 AND THE
FEE APPLICATION OF EDWARDS ANGELL PALMER & DODGE LLP

Pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. §§ 307, 330, 704 and 726 the United States Trustee responds to the "Petitioner's Motion to Assist and Help the Court Concerning the First and Final Application for Fees and Expenses of Edwards Angell Palmer & Dodge LLP" ("Document") filed by Harold F. Chorney ("Chorney") and the Fee Application of Edwards Angell Palmer & Dodge LLP ("EAP&D"). In support thereof the United States Trustee says:

1. The United States Trustee has nearly completed her review of the Trustee's final report and proposed distribution in this case ("TFR"). On May 1, 2008 a representative of the United States Trustee requested the Trustee review and make corrections to the TFR. The United States Trustee expects to file the TFR shortly after receiving those amendments.

2. The TFR contains a proposed distribution which would pay chapter 11 administrative claimants in this case such as EAP&D approximately 44.71%.

3. EAP&D is seeking total compensation of $45,953.75 for work performed in 1990 and 1991. EAP&D is effectively waiving an additional $35,921.36 in fees for a period between August 30, 1991 and December 22,1993, for which it lacks detailed time entries due to a

computer system problem.

4. The United States Trustee has no objection to the fee request by EAP&D especially in light of 1) the waiver of $35, 921.36 in fees; 2) the likelihood that the amount allowed by the Court will only be paid approximately 44.71% and 3) the significant time delay in the applicant receiving payment.

5. Chorney lacks standing to press his objection to the instant application because whether or not the fee is allowed or denied in its entirety it will not affect his economic interests. Trustee Monzack in his filing (doc#975 ) has summarized Chorney's conduct in this case and his failure to abide orders including the July 6, 1992 order which was affirmed by the First Circuit on September 28, 1993 ordering Chorney to pay $200,000.00 in civil contempt damages to the Trustee.

Respectfully submitted,
PHOEBE MORSE
United States Trustee

By: /S/ Gary L. Donahue
Gary L. Donahue,
U.S. Department of Justice
Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
TEL: (401) 528-5551
FAX: (401) 528-5163

Dated: May 7, 2008

WITHIN TEN (10) DAYS AFTER SERVICE (TWENTY (20) DAYS FOR U.S. GOVERNMENT OFFICERS AND AGENCIES THEREOF) ANY PARTY AGAINST WHOM A "PLEADING" IS FILED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT THEREIN, SHALL SERVE AND FILE AN OBJECTION TO THAT PLEADING. IF NO OBJECTION IS FILED TO A PLEADING WITHIN THE TIME PRESCRIBED HEREIN, THE PLEADING WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED, UNLESS (1) THE REQUESTED RELIEF IS PROHIBITED BY LAW; OR (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT THE INTEREST OF JUSTICE REQUIRES SUA SPONTE DENIAL OF THE UNOPPOSED MOTION.

## CERTIFICATION OF SERVICE

I hereby certify that on May 7, 2008, I electronically filed the foregoing in the above captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

**Edward J. Bertozzi, Jr.**
Edwards & Angell
ebertozzi@eapdlaw.com

Jason D. Monzack, Esq.
jmonzack@kirshenbaumri.com

**Matthew J. McGowan**
Email: mmcgowan@smsllaw.com

Harold F. Chorney
16 Spring Drive
Johnston, RI 02919-3028