**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: Cumberland Investment Corporation** **Bk No. 89-11051**
**Debtor(s)** **Chapter 7**

**POSITION OF CHAPTER 7 TRUSTEE JASON D. MONZACK TO HAROLD F. CHORNEY'S MOTION TO CLARIFY FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF EDWARDS ANGELL PALMER & DODGE LLP (DOCKET No. 966)**

On or about February 5, 2008 Mr. Chorney filed a motion to clarify first and final application for fees and expenses of Edwards Angell Palmer & Dodge LLP with supporting memorandum.

On or about February 14, 2008 this Court entered its Order requesting position from the Chapter 7 Trustee, Jason D. Monzack.

In response to the Bankruptcy Court Order of February 14, 2008, the Chapter 7 Trustee submits his position as follows:

Mr. Chorney's motion must be placed in context. In this case this Court has entered numerous Orders dealing with the conduct and/or filings of Mr. Chorney. A sampling of those orders follows.

In its July 3, 1991 Order this Court stated in part that "… Chorney has deliberately and continuously acted in bad faith to obstruct and to hinder the efficient administration of the estate, which action has been very damaging, expense-wise, to the estate and it creditors…"

In its July 2, 1992 Order this Court stated in part that "…In prior proceedings we have found that Chorney has, inter alia, filed frivolous pleadings, willfully interfered with and obstructed the administration of the case, and generally and in bad faith abused the bankruptcy process, causing the estate and its creditors significant economic harm…Our July 3, 1991 Order…clearly expressed the Court's exasperation with Mr. Chorney's conduct…" This Court went on to say that there "…was unfortunately an already too familiar pattern of obstructionist behavior by Mr. Chorney. For example…many frivolous pleadings were filed and extensively litigated, with the intent and effect of impeding the administration of an estate already left in shambles by Chorney". This Court went on to "…adjudge Harold Chorney to be in continuous, willful contempt, and order him to pay $200,000.00 to the Trustee, as partial reimbursement for the deliberate post-petition damage he has done to creditors…."

**IN RE:**
**CUMBERLAND INVESTMENTS CORP.**

**Chapter 7**
**Case No. 89-11051**

On November 3, 2004 this Court's Order stated in part that "....Chorney's hyperactivity and ludicrous conduct throughout this case is marked by his incessant acts of bad faith and abuse of the system from the inception of this bankruptcy in 1989.... Chorney continues, some twelve years later, to file frivolous pleadings which add expense and delay in the closing of this 1989 case...".

As recently as November 2, 2007 Mr. Chorney filed his "motion and memorandum in support of motion to appeal and/or amend bankruptcy order, dated November 3, 2004" in the United States Court of Appeals for the First Circuit. In his pleading filed in the First Circuit Mr. Chorney asserts that the "...Petitioner is being denied evidence necessary to establish facts in dispute by officers of the court." In his First Circuit motion Mr. Chorney states that the "issues" are as follows:

A. Whether the sanctions of the November 3, 2004 order as applied fall within the purview of F.R.C.P. Rule 60(b) (6) in that the imposition of sanctions preclude Petitioner of access to the courts.

B. Whether the history of failure by officers of the court to disclose or produce materials in civil and related criminal discovery so that Petitioner can present his case, can constitute misconduct within the purview of Rule 60 (b) (3). See **Anderson v. Cryovac, Inc.,** 862 F2d 910, 923. (1st Cir. 1988.)

C. Whether Judge Votolato has engaged in conduct prejudicial to the effective and expeditious administration of the case thus committing wrongs against the institutions set up to protect and safeguard the public.

D. Whether Petitioner can obtain a fair hearing and be granted due process and equal protection under the law with Judge Votolato presiding over this case.

There is no doubt that Mr. Chorney will continue to attempt to raise the same issues, over and over again, that have long ago been disposed of by this Court and various appellate courts. The

**IN RE:**
**CUMBERLAND INVESTMENTS CORP.**

**Chapter 7**
**Case No. 89-11051**

Chapter 7 Trustee filed his response to Chorney's First Circuit motion on November 14, 2007. That matter remains pending in the First Circuit.

Mr. Chorney has no standing in this case. He has no financial interest as he is not a creditor, he filed no proof of claim. To treat Mr. Chorney's motion as a serious pleading deserving of a substantive response serves no purpose, as it has been the Chapter 7 Trustee's experience that any response given to Mr. Chorney serves only to encourage Mr. Chorney to file further pleadings. Some nineteen (19) years after the initial filing of this case, Mr. Chorney continues to file pleadings in different forms and forums that reference matters which were the subject of prior pleadings filed by Chorney and which were disposed of by this and/or other Courts. For example, in his most recent filing in this Court, Mr. Chorney states "…Since, disclosure and production of materials have been requested in past discovery motions, Petitioner is requesting a clarification of the basis of the 3/22/91 billing entry concerning 'Review Memos for Judge Pettine' in reference to Cumberland Investment Corporation…Petitioner also requests the court require attorney for the Chapter 11 Trustee to supply Petitioner with ….any billing records which may involve missing assets of the estate." It is clear that Mr. Chorney has been unhappy with prior Orders of this and other Courts. However, because Mr. Chorney has been unhappy with the rulings of this and other Courts does not justify raising the same issues over and over again. It is not logical or rational to raise the same issues over and over again in the same case in the apparent hope that the ruling will differ from the many previous rulings, and such conduct should not be tolerated.

However, fashioning a remedy to address this "frivolous", "willful", "bad faith", "obstructionist" and "ludicrous" conduct is easier said than done. Prior orders of this Court have, inter alia, ordered that Mr. Chorney "….no longer be permitted to intervene or otherwise participate in proceedings relating to sales or other disposition of estates assets, and are not entitled to any notice other than that received by general creditors" (July 3, 1991 Bankruptcy Court Order); that "…we adjudge Harold Chorney to be in continuous, willful contempt, and order him to pay $200,000.00 to the Trustee, as partial reimbursement for the deliberate post-petition damage he has done to creditors (July 2, 1992 Bankruptcy Court Order); and that "… the Clerk of Court shall decline to accept any filings from Harold Chorney, unless such filings has first been presented to Chambers and is specifically authorized by the Court for filing." (November 3, 2004 Bankruptcy Court Order).

**IN RE:**
**CUMBERLAND INVESTMENTS CORP.**

**Chapter 7**
**Case No. 89-11051**

Notwithstanding the preceding, Mr. Chorney continues to submit filings.

In its Order of September 8, 2000, this Court ordered Mr. Chorney "...to file with the Trustee sworn semi-annual financial statements, as well as reports of any other significant changes from his present alleged financial and/or mental condition." No such sworn financial statements have been filed with the Trustee for many years. No payment has been made by Mr. Chorney on the $200,000.00 judgment entered against him. The history of this case is one of Mr. Chorney demanding answers while providing none, of accusing others of wrongdoing when judicial proceedings have determined the wrongdoing to be his.

Mr. Chorney has no standing to file his motion as he filed no proof of claim and is therefore not a creditor. Mr. Chorney's motion is barred by prior final orders and judgments as Mr. Chorney seeks material related to matters long ago disposed of by this and other Courts. Mr. Chorney's most recent filing should be stricken and the First and Final Application for Fees and Expenses of Edwards Angell Palmer & Dodge LLP should be considered by this Court in its ordinary course as it would review any other application for fees and expenses submitted for consideration by this Court.

Respectfully submitted,

**/s/ Jason D. Monzack**
Jason D. Monzack, Esq.
KIRSHENBAUM & KIRSHENBAUM
Attorneys at Law, Inc.
888 Reservoir Avenue
Cranston, RI 02910
(401) 946-3200 Telephone
(401) 943-8097 Facsimile

Dated: February 27, 2008

## CERTIFICATION

I, the undersigned, hereby certify that on the 27th day of February, 2008, I electronically sent a copy of Position of Chapter 7 Trustee Jason D. Monzack to Harold F. Chorney's Motion to Clarify First and Final Application for Fees and Expenses of Edwards Angell Palmer & Dodge LLP to the U.S. Trustee, Edward J. Bertozzi, Jr., Esq. and by first class mail to Harold Chorney at 16 Spring Drive, Johnston, RI 02919.

**/s/ Jason D. Monzack**