**OFFICE OF THE CLERK**
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

**The Federal Center**
**380 Westminster Mall, 6th Floor**
**Providence, Rhode Island 02903**

**Susan M. Thurston**
**Clerk of Court**

**Telephone: 401 626-3100**
**Facsimile: 401 626-3150**

March 27, 2008

**RE: Cumberland Investment Corporation Bk. 89-11051**

Dear Mr. Chorney,

**Please be advised:** The enclosed document is being returned to you in accordance with this Court's November 3, 2004 Order (Doc. No. 900) Granting Motion to Strike and Imposing Additional Sanction, as the matter is moot.

In addition, copies of the appellant's response to show cause motion are being returned as this matter is before the First Circuit Court of Appeals.

Sincerely,

Deputy Clerk

Enclosures: Petitioner's Motion for a 60 Day continuance
Copies (2) of Appellant's response to show cause motion

E-400

February 23, 2008

Arthur N. Votolato
U.S. Bankruptcy Judge
380 Westminster Mall
Providence, R.I. 02903

In Re: Cumberland Investment Corporation **RESTRICTED DELIVERY**:
89-11051

On November 3, 2004, the court issued an order stating that "effective immediately, the Clerk of Court shall decline to accept any filings from Harold Chorney, unless such filing has first been presented to Chambers and is specifically authorized by the Court for filing." Said order also indicated that Petitioner was "hindering the Trustee in performing his duty to conclude this case.

In light of this November 3, 2004, decision, Petitioner is sending for your authorization to present to the Clerk of Courts, a Motion and Memorandum in support of a 60 Day Continuance of the Hearing scheduled for March 6, 2008.

Copy of said Motion and Memorandum and Certification enclosed.

I await your response.

Sincerely,
Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919
401 934-0536

E-401

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**

**CA. NO. 89-11051**

**INVESTMENT CORPORATION**

**PETITIONER'S MOTION FOR A 60 DAY CONTINUANCE CONCERNING MARCH 6, 2008 HEARING ON FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF EDWARDS ANGELL PALMER & DODGE LLP**

Now comes Harold F. Chorney, pro se, a petitioner with property interests and an interested party in the above captioned matter and requests a 60 Day CONTINUANCE of the HEARING, scheduled for March 6, 2008 concerning the First and Final Application for Fees and Expenses of Edwards Angell Palmer & Dodge LLP.

Respectfully Submitted

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02903
401 934-0536

E-402

**CERTIFICATION**

I hereby certify that on this ______day of February 2008, I sent a copy of the above by first class mail to the following:

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

HAROLD F. CHORNEY

E-403

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**

**CA. NO. 89-11051**

**INVESTMENT CORPORATION**

**PETITIONER'S MEMORANDUM IN SUPPORT OF A 60 DAY CONTINUANCE CONCERNING MARCH 6, 2008 HEARING ON FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF EDWARDS ANGELL PALMER & DODGE LLP**

Now comes Harold F. Chorney, pro se, a petitioner with property interests and an interested party in the above captioned matter and requests a CONTINUANCE of the HEARING, scheduled for March 6, 2008 concerning the First and Final Application for Fees and Expenses of Edwards Angell Palmer & Dodge LLP. Petitioner states for cause the need to obtain discovery from EAPD in order to properly prepare for said hearing. In light of the fact that Mr. Bertozzi, a signatory to the court ORDER, dated December 12, 1990 (Exhibit 1), EXHIBIT 1 IS EXHIBIT X pgs E 282-296 and at times was the attorney for both the Trustee and the Examiner and that he will be unavailable until after March 7, 2008, Petitioner requests a continuance of 60 days for said preparation. Said preparation includes a request for Professional Services Rendered to Cambridge Meridian Group, 50 Church Street, Cambridge, MA 02138, any amount(s) paid to EAPD in accordance with paragraph 10 of Court Order, dated December 12, 1990 for services rendered to either Cambridge

Meridian Group or to Trustee, John F. Cullen or firm of Cullen & Resnick.

In addition, Petitioner seeks that the Court require attorney for the Chapter 11 Trustee, Edwards, Angell, Palmer & Dodge LLP (EAPD) provide Petitioner with a stipulation that EAPD is responsible for their actions during all time periods during the Cumberland Investment Corporation case despite the lack of billing for the time period of August 30, 1991, through December 22, 1993.

Furthermore, Petitioner requests the Court issue a "comfort order" that any claim need not be pursued in the bankruptcy proceeding and states for cause that the Petitioner has alerted the Court to the existence of claims.

Respectfully Submitted

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02903
401 934-0536

E-405

## CERTIFICATION

I hereby certify that on this ______day of February 2008, I sent a copy of the above by first class mail to the following:

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

HAROLD F. CHORNEY

E-406

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re | : | |
| | : | |
| CUMBERLAND INVESTMENT CORPORATION, Debtor | : | Chapter 11 |
| | : | Case No. 89-11051-ANV |
| | : | |

EXHIBIT 1

ORDER

Upon the annexed Expedited Motion of John F. Cullen, the duly appointed Chapter 11 Trustee (the "Trustee"), dated October ____, 1990 (the "Motion") for the entry of an [illegible] authorizing the Trustee to borrow money from Eastland Bank ("Eastland") and authorizing the Trustee to incur secured and priority administration indebtedness under Section 364(c) of the Bankruptcy Code (the "Code") to Eastland; the Court having examined the Motion and the exhibits attached thereto and conducted a hearing with respect thereto,

THE COURT FINDS AS FOLLOWS:

A. On December 6, 1989, the debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Petition"), and an order for relief was entered with respect thereto. Pursuant to Section 1108 of the Code, the debtor was authorized to retain possession of its assets and to operate its business.

B. On December 18, 1989, Michael Weingarten was appointed the Examiner (the "Examiner").

Attest to
True Copy

James M. Lynch
Clerk

By ______________
Deputy Clerk

C. On August 9, 1990 the Court entered an Order granting various forms of relief including the appointment of a Chapter 11 Trustee. John F. Cullen was appointed the Chapter 11 Trustee (the "Trustee").

D. An immediate need exists for the Trustee to obtain funds to pay for the Move (the removal by the Trustee of Debtor's assets and records from Debtor's business premises), the process of liquidation of the Debtor's assets, to pay for administrative claims previously authorized per Order of Court and to pay for other additional administrative payments accruing subsequent to the Trustee's appointment (the "Trustee's Expenses").

E. Eastland previously advanced $75,000 to the Trustee which was used by the Trustee to pay for a portion of the Trustee's Expenses. The advance to the Trustee was conditioned upon the Trustee agreeing to immediately move for nunc pro tunc relief to grant Eastland a first position, secured, priority, administrative claim pursuant to 11 U.S.C. Section 364(c)(1) of The Bankruptcy Code in the amount of $75,000.

F. The Trustee is unable to obtain the required funds to pay for the Trustee's Expenses and/or additional administrative claims, to be approved by the Court, in the form of unsecured credit as a claim which would be allowable under Section 503(b)(1) of the Bankruptcy Code or as an administrative expense pursuant to Section 364(a) or (b) of the Bankruptcy Code.

G. Eastland has filed a Motion to Approve Secured Claim (the "Motion") wherein it claims a duly perfected first position, security interest in substantially all assets of the debtor (the "Collateral"), to secure the payment of pre-petition debt and, therefore, the Trustee is unable to borrow funds on a secured basis.

H. Eastland has not consented, and will not consent, to the Trustee's use of ("Cash Collateral") as that term is defined under 11 U.S.C. §363 and will not consent to loan any additional money to the Trustee unless and until the within Order is entered which includes a provision for the granting of nunc pro tunc relief pursuant to 11 U.S.C. §364(c)(1) regarding the $75,000 previously loaned to the Trustee.

I. Eastland is willing to lend additional money and extend new credit to the Trustee provided Eastland is granted the protections set forth in this Order, including nunc pro tunc authorization, and is assured that such actions and forbearance will not waive or otherwise prejudice the rights of Eastland.

J. Good cause has been shown for the entry of this Order and it is in the best interest of the estate and its creditors.

K. The terms of the borrowing authorized hereby are fair and reasonable under the circumstances and meet all the requirements of 11 U.S.C. §364(e) including that such credit be extended in good faith.

WHEREFORE, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The factual findings contained in the preamble to this Order are incorporated herein by this reference thereto, and the Trustee and Eastland and Gerald Aubin and Harold Chorney consent and stipulate thereto.

2. The Trustee is hereby authorized to borrow up to $400,000 from Eastland in accordance with the terms and provisions hereof and in accordance with the terms and provisions of the Post-Petition Financing Agreement.

3. As security for all of Eastland's post-petition loans or post-petition advances previously made, or to be made, to the Trustee (the "Post-Petition Debt"), Eastland is hereby granted a first priority, valid, perfected and enforceable security interest in and lien upon any and all assets of the estate, of whatever kind and nature, as that term is defined pursuant to 11 U.S.C. §541, except as otherwise provided in paragraph 21 hereof, including but not limited to the following assets now owned or after acquired and the proceeds (including, without limitation, insurance proceeds) and products thereof: all contract rights, accounts, accounts receivable, equipment, inventory, machinery, causes of action, tangibles, intangibles, real estate, any and all assets recovered or recoverable by the Trustee pursuant to 11 U.S.C. §§542, 543, 544, 547, 548 and 549, and any claims accruing to the debtor on or after the Filing Date (the "Post-Petition Collateral").

4. Eastland's first priority, valid, perfected and enforceable security interest in and lien upon the Post-Petition Collateral shall be prior to any lien or interest claimed by any party to secure all loans made to the Trustee up to $400,000.

5. The security interest and liens granted hereunder shall be: (a) in addition to any security interests, liens and rights of set-off found by this Court to be existing in favor of Eastland as of the Filing Date; (b) valid, perfected, enforceable and effective as of the Filing Date without the requirement of any further action by the Trustee or Eastland and without the execution, filing or recordation of any financing statements, security agreements, mortgages, deeds or any other actual documents and (c) senior at all times to the rights of the debtor, any successor debtor in possession, the Trustee or any Successor Trustee.

6. If in Eastland's sole discretion, after the occurrence of a default under the Post-Petition Financing Agreement, or the terms of any subsequent agreement between the Trustee and Eastland, or after the termination of any of the Post-Petition Financing Agreements, it is necessary for Eastland to exercise its rights in order to effect repayment of the Post-Petition Debt, Eastland shall give the Trustee, his counsel, counsel for the Official Creditors' Committee and the United States Trustee written notice thereof and shall apply to the Court for an emergency hearing. The Trustee

consents to an expedited hearing not more than five (5) business days after the date of such notice and application. Pending such hearing, (a) the Trustee shall have full rights to cure such default, (b) Eastland shall have no obligation to advance further funds to the Trustee, and (c) the Trustee shall have no right to use any Cash Collateral claimed by Eastland pending such hearing without Eastland's express written consent.

7. In the event of (i) the Trustee's failure to fully perform any of his obligations as provided in this Order and after notice of same by Eastland to the Trustee and his counsel; (ii) the conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Code; or (iii) the dismissal of the Debtor's Chapter 11 case or any subsequent case under Chapter 7 of the Code (collectively the "Default Events") then and upon occurrence of any of the foregoing, and at all times thereafter, Eastland shall be automatically relieved of any stay including, without limitation, any stay under Section 362 of the Code or other restriction on the enforcement of the liens and security interests granted to Eastland pursuant to this Order, the Post-Petition Financing Agreements, and Eastland shall be and is hereby authorized in its discretion to take any and all actions and remedies which Eastland may deem appropriate to proceed against and realize upon the Post-Petition Collateral to obtain repayment of all Post-Petition Debt, all without further Order of this Court, including,

without limitation, all such actions and remedies as are set forth in the Post-Petition Financing Agreements.

8. All loans and extensions of credit under this Order and under the Post-Petition Financing Agreement owed by the Trustee to Eastland shall be considered Post-Petition Debt, shall be due on demand, shall be made at the sole discretion of Eastland, shall constitute a secured claim, shall constitute an administrative expense in this case, shall have priority under the provisions of Section 364(c)(1) of the Code over all other costs and administrative expenses incurred in the proceeding pursuant to Sections 503(b) or 507(b), and shall at all times be senior to the rights of the Trustee or any successor trustee in this or any subsequent proceedings under the Code. No costs or expenses of administration ("$506(c) expenses") shall be imposed against Eastland, its claims or its collateral unless Eastland shall have consented thereto in writing.

9. The Trustee may not at any time apply for or acquiesce in an application for an Order which authorizes under 11 U.S.C. $364, the obtaining of credit or the incurring of indebtedness secured by a lien, security interest or mortgage on Post-Petition Collateral which is equal to or senior to that possessed by Eastland or entitled to priority over all administrative expenses, unless Eastland shall have consented thereto in writing or been first paid in full all Post-Petition Debt or unless the purpose is to pay in full all Post-Petition Debt.

10. The Trustee and Eastland shall establish an escrow account at Eastland into which all advances made by Eastland to the Trustee, and all proceeds from the sale of Post-Petition Collateral, shall be deposited (the "Escrow Account"). The Trustee shall cause such funds to be distributed in the order and manner as follows: 1) $70,000 to the Examiner and $14,000 to his Counsel to pay previously approved administrative claims; 2) $75,000 plus interest to Eastland to be applied to that portion of the Post-Petition Debt previously advanced to the Trustee; 3) the Trustee's subsequent fees and expenses, and other administrative expenses subject to further order of this court; 4) to Eastland to be applied against the Post-Petition Debt initially to (a) accrued and accruing interest (at the rate set forth in the Post-Petition Financing Agreement, fluctuating as set forth therein), (b) then to all fees and expenses provided for in the Financing Agreement, and (c) then to the unpaid principal balance of the Post-Petition Debt; 5) the remaining proceeds will be held in the Escrow Account subject to further order of this Court.

11. As a condition precedent to any new advances from Eastland to the Trustee constituting Post-Petition Debt, Eastland shall have received, in form and substance satisfactory to Eastland and to Eastland's counsel, such agreements, documents and instruments from the Trustee and from third parties as Eastland or its counsel requests in order to effectuate the transactions described herein.

12. Upon Eastland's request, the Trustee shall execute and deliver to Eastland notes, assignments, security agreements, financing statements, mortgages, or other instruments or documents considered by Eastland to be necessary or desirable to evidence the Trustee's obligations hereunder and under the Post-Petition Financing Agreement and to perfect the liens and security interest granted hereunder. The Trustee is authorized and directed to execute and deliver any such instruments and documents to Eastland, and Eastland is authorized to receive, file and/or record the same. For such purposes, the automatic stay is vacated.

13. Eastland may terminate its obligation to lend additional money or otherwise extend credit to or on behalf of the Trustee at any time in accordance with the Post-Petition Financing Agreement or any time after a default hereunder, under the Post-Petition Financing Agreement, or under any subsequent agreement between the Trustee and Eastland. The Trustee may terminate his obligations at any time in accordance with the Post-Petition Financing Agreement or by paying in full all sums owed to Eastland including all fees, the outstanding principal balance of and all accrued and unpaid interest with respect to the Post-Petition Debt. In any event, however, the obligations and rights of Eastland and the Trustee with respect to all transactions that have occurred prior to such termination shall remain unimpaired and unaffected by any such termination and shall survive such termination and be binding upon any successor trustee.

14. All costs and expenses (including, without limitation, all filing and recording fees, reasonable attorneys' and paralegals' fees and expenses) incurred by Eastland in connection with (a) the preparation of this Order and the Post-Petition Financing Agreement, (b) the preparation of any additional documents deemed necessary or desirable by Eastland, (c) the preservation and protection of Eastland's rights hereunder and (d) the collection of all sums due Eastland shall be deemed to be an advance made by Eastland to the Trustee, and shall constitute Post-Petition Debt as that term is defined herein.

15. To the extent the debtor or the Trustee or the Examiner has used what the Court determines to be Eastland's cash collateral post-petition or has used the proceeds of what the Court determines to be Eastland's Pre-Petition Collateral, post petition, such use shall be deemed to be an advance made by Eastland to the Trustee and shall constitute Post-Petition Debt as that term is defined herein.

16. Eastland shall not be required to file financing statements or other documents in any jurisdiction or to take any other action in order to validate or perfect the security interests and liens granted to it hereunder or under the Post-Petition Financing Agreement. If Eastland shall in its sole discretion choose to file such financing statements or other documents, or otherwise confirm perfection of such security interest and liens, all such financing statements or similar

documents shall be deemed to have been filed or recorded at the time and on the date of the filing of the debtor's petition initiating this proceeding, and the costs of such filing or recording shall be payable by the Trustee to Eastland as aforesaid.

17. The provisions of this Order shall be binding upon and inure to the benefit of Eastland, the Trustee, and their respective successors and assigns. The provisions of this Order shall survive entry of any subsequent Order whether the same be an Order confirming a Chapter 11 plan or for relief under Chapter 7 of the Code, and the provisions of this Order, as well as the liens, security interests and mortgages arising pursuant thereto in favor of Eastland shall continue in this and any subsequent proceeding under the Code, and such liens and security interests shall maintain their priority as provided for under this Order until all of the Post-Petition Debt is paid in full. The Post-Petition Debt and all other obligations arising under the Post-Petition Financing Agreements shall not be altered, extended or affected by any plan confirmed in this Chapter 11 case or by any other action taken or relief sought in this Chapter 11 case hereafter.

18. Without limiting more specific provisions of this Order, the automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified as to Eastland to the extent necessary to implement the provisions of this Order, the Financing Documents, and the Post-Petition Financing

Agreement, including without limitation, the right to receive payments in accordance with the Post-Petition Financing Agreement.

19. Notice of the entry of this Order shall be given by the Trustee to those creditors listed on the list filed pursuant to Bankruptcy Rule 1007(d) and to any duly appointed committee. Such notice shall include copies of the Application filed by the Trustee, without exhibits, and this Order. Such notice shall be mailed within three (3) days after the entry hereof by the Trustee by first-class mail, postage prepaid.

20. This Order shall be deemed to be effective upon its entry and shall remain in full force and effect until the entry of an Order of this Court modifying, extending, or terminating the provisions hereof or any of them. In all events pending the entry of such other Order, the provisions hereof shall be binding upon the Trustee, Eastland or in the event of conversion of this case to a case under Chapter 7 of the Trustee appointed therein.

21. Any of the foregoing to the contrary notwithstanding,

(a) The security interest granted hereby to Eastland shall be junior in priority to the security interest of Peoples Loan and Trust Bank of Indianapolis, Indiana ("Peoples Bank") in Debtor's coins in possession of Peoples Bank to the extent such security interest of Peoples Bank may be allowed;

(b) The security interest granted hereby to Eastland shall not attach to so-called redemption coins in the possession of the Trustee unless the Court later determines that such coins are property of the estate not subject to superior claims or interest of redemption coin claimants;

(c) The Trustee will proceed forthwith to determine the methodology to sell the Peoples Bank collateral; the Trustee (or Examiner), Jonathan Oster as attorney for Harold Chorney, Hershel Smith as attorney for Gerald Aubin, and Robert Wieck as attorney for Peoples Bank, will use their best efforts to agree on the methodology for the sale and on the form of motion and order to be submitted to the Court to authorize the sale.

(d) The Trustee (or Examiner), Jonathan Oster as attorney for Harold Chorney, and Hershel Smith as attorney for Gerald Aubin will forthwith exercise their best efforts to agree on the methodology for sale of the rest of the tangible assets of the estate; no immutable timetables are to be set for sales, but changes in the market should b considered; if the parties fail to agree, they shall try to narrow the issues for presentation to this Court for determination.

(e) Excepting payment to Eastland of approximately $75,000 and payment to Examiner and Edwards & Angell of approximately $84,000 of fees and expenses already approved, the Trustee will, before spending borrowings under the financing authorized hereby, give Jonathan Oster and Hershel

Smith 10 days prior notice of such proposed borrowing and spending, if they do not object they shall be deemed to have waived any objection and an appropriate motion and order may be presented to the Court for approval of such borrowing and spending.

ARTHUR N. VOTOLATO, JR.
UNITED STATES BANKRUPTCY JUDGE

Dated: December __, 1990

The undersigned consent to the above order and waive appeal therefrom.

HAROLD CHORNEY

By his attorney,

See attached

Jonathan Oster, Esq.
Oster & Groff
936 Smithfield Avenue
Smithfield, RI 02865
(401) 724-2400

GERALD AUBIN

By his attorney,

E. Hershel Smith, Esq.
DiSandro Smith & Associates
155 South Main Street
Providence, RI 02903
(401) 274-7900

EASTLAND BANK

By its attorneys,

Peter J. Furness, Esq.
Hinckley, Allen, Snyder & Comen
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
State Bar Code No. 3608

JOHN F. CULLEN, ESQ.

By his attorneys,

Edward J. Bertozzi, Jr., Esq.
Edwards & Angell
2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

WP:DELUCA\E........AD8

Smith 10 days prior notice of such proposed borrowing and spending, if they do not object they shall be deemed to have waived any objection and an appropriate motion and order may be presented to the Court for approval of such borrowing and spending.

ARTHUR N. VOTOLATO, JR.
UNITED STATES BANKRUPTCY JUDGE

Dated: December _____, 1990

The undersigned consent to the above order and waive appeal therefrom.

HAROLD CHORNEY

By his attorney,

Jonathan Oster, Esq.
Oster & Groff
936 Smithfield Avenue
Smithfield, RI 02865
(401) 724-2400

GERALD AUBIN

By his attorney,

Z. Hershel Smith, Esq.
DiSandro Smith & Associates
155 South Main Street
Providence, RI 02903
(401) 274-7900

EASTLAND BANK

By its attorneys,

Peter J. Furness, Esq.
Hinckley, Allen, Snyder & Comen
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
State Bar Code No. 3608

JOHN F. CULLEN, ESQ.

By his attorneys,

Edward J. Bertozzi, Jr., Esq.
Edwards & Angell
2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

WP.DELUCA.E0000000.ADS