# Appendix

# Part III

**LIST OF EXIBITS PART III**

EXIBIT W, AUGUST 31, 1991 TO DECEMBER 22, 1993 "MISSING" BILLING OF MR. BERTOZZI E256-281

EXIBIT X, DECEMBER 12, 1990, COURT ORDER E282-296

EXIBIT Y, SEPTEMBER 23, 1993 DECISION OF CIRCUIT COURT E297-306

EDWARDS & ANGELL

llors at Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

ohn F. Cullen
; llen & Resnick
storic Navy Yard
hipway Place C-3

June 30, 1992

r Professional Services Rendered

28488/88634

umberland Investment Corp.

| | | | |
|---|---|---|---|
| 09/03/91 | E. BERTOZZI | Conference with Cullen, Silverstein on settlement proposals. | .25 |
| 09/05/91 | E. BERTOZZI | Conference with Silverstein, McQueen, Cullen, Weingarten on settlement with Eastland. | 1.50 |
| 09/06/91 | E. BERTOZZI | Negotiate with Smith on coin purchase; conference with Resnick; letter on sale to Smith; conference with redemption coin claimant. | 1.00 |
| 09/12/91 | E. BERTOZZI | Conference with McGowan on settlement, claims by trustee; conference with Baverstam on buyer. | .50 |
| 09/17/91 | E. BERTOZZI | Conference with Silverstein, Weingarten, Cullen; hearing at Bankruptcy Court on sanctions; conference with Smith, attorney Moloney on escrow for bidder. | 4.00 |
| 09/19/91 | E. BERTOZZI | Conference with Weingarten on affidavit; conference with Cullen on affidavit. | .25 |
| 09/20/91 | E. BERTOZZI | Conference with attorney Moloney on deposit; letters to Weingarten, Wieck on Mid America; conference with Wieck. | .50 |
| 09/24/91 | E. BERTOZZI | Obtain inventory list, letter to Moloney. | .25 |
| 09/25/91 | E. BERTOZZI | Letters to Baverstam, Moloney on inventory, sale; review inventory | .50 |

E-256

| | | | |
|---|---|---|---|
| 09/26/91 | E. BERTOZZI | Conference with Garrett of Mid America on inventory, send list; review memo on Chorney, conference with Serreze. | .50 |
| 09/30/91 | E. BERTOZZI | Work on affidavit; conference with Cullen, conference with creditors. | 1.00 |
| 10/08/91 | E. BERTOZZI | Conference with Serreze on Oster motion to withdraw. | .25 |
| 10/11/91 | E. BERTOZZI | Conference with Weingarten, review Wieck motion on Mid America sale. | .25 |
| 10/15/91 | E. BERTOZZI | Conference with Weingarten, Resnick, Wieck, on Peoples sale; conference, letter to Wieck; conference with creditor on redemption coins. | 1.00 |
| 10/16/91 | E. BERTOZZI | Letter to Wieck on Mid America proceeds, calls to Wieck; conference with Serreze on hearing before J. Pettine. | .50 |
| 10/17/91 | E. BERTOZZI | Conference with Wieck on Peoples proceeds settlement. | .25 |
| 10/18/91 | E. BERTOZZI | Conference with Serreze, prepare for, attend hearing before Judge Pettine at which Chorney appeals denied; attention to information from Moloney on coin sale; memo to Cullen, Weingarten. | 3.00 |
| 10/21/91 | E. BERTOZZI | Conference with Wieck on Peoples order; review Serreze letter to Pettine. | .25 |
| 10/22/91 | E. BERTOZZI | Conference with Baverstam on sale of coins. | .25 |
| 10/24/91 | E. BERTOZZI | conference with Serreze, Cullen on settlement, reach global settlement. | .50 |
| 10/28/91 | E. BERTOZZI | Conference with Serreze on settlement. | .25 |
| 10/30/91 | E. BERTOZZI | Review Serreze letter, send memo to parties on settlement with Eastland Bank. | .25 |
| 11/01/91 | E. BERTOZZI | Conference with prospective buyer Fares; letter to Baverstam. | .50 |
| 11/04/91 | E. BERTOZZI | Conference with McQueen, Resnick, Serreze, Baverstam, Laroche on arrangements for inspection of coins. | 1.00 |
| 11/06/91 | E. BERTOZZI | Conference with McGowan. | .25 |

E-257

| | | | |
|---|---|---|---|
| 11/12/91 | E. BERTOZZI | Conference with Cullen on Chorney motions; conference with Serreze; draft objection; review settlement agreement, draft revision, letter to Cullen et al. | 1.00 |
| 11/14/91 | E. BERTOZZI | Conference with Serreze, Lynch on appeals. | .50 |
| 11/19/91 | E. BERTOZZI | Conference with Resnick, letter to Serreze on settlement agreement. | .50 |
| 11/20/91 | E. BERTOZZI | Prepare for, participate in telephone conference with Judge Pettine, Hal chorney and other attorneys on appeals; conference with Serreze on appeals, settlement agreement; letter to Cullen on appeals; conference with Smith on appraisal. | 1.00 |
| 11/21/91 | E. BERTOZZI | Hearing at Bankruptcy Court on Oster withdrawal, Chorney appraisal; conference with Chorney, obtain representation for appraisal, arrange for viewing by Chorney appraisers; letter to Chorney; negotiate with Chorney on mail, letter to Cullen, conference with Wieck on Mid America coin auction. | 2.00 |
| 11/22/91 | E. BERTOZZI | Conference with Chorney, Serreze, on appraisal agreement; letter to Cullen on settlement agreement. | .50 |
| 11/22/91 | S. KUMINS | Research requirements for application for acceptance of settlement agreement | .50 |
| 11/25/91 | S. KUMINS | Draft motion to compromise claim against the estate, motion to limit notice | 2.00 |
| 11/26/91 | E. BERTOZZI | Conference with McQueen, letter to Chorney on appraisal, conference with Resnick, review and revise motion on settlement agreement. | .50 |
| 11/27/91 | S. KUMINS | Revise motion to authorize compromise and limit notice | 1.25 |
| 11/29/91 | E. BERTOZZI | Conference with Hagopian, draft modification to order on redemption coins. | .25 |

E-258

| | | | |
|---|---|---|---|
| 12/04/91 | E. BERTOZZI | Conference with Geremia; revise order; letter to court regarding Eastland settlement; conferences with trustee; letter to Mr. Chorney regarding mail | .50 |
| 12/05/91 | E. BERTOZZI | Attention to Chorney production notices, subpoenas; conferences with trustee personnel; research, draft objection and memorandum; conference with Posner; conference with creditor | 1.50 |
| 12/06/91 | E. BERTOZZI | Conference with McQueen regarding FBI review of coins; attention to McGowan objection; conference with Cullen regarding Chorney notices | 1.00 |
| 12/09/91 | E. BERTOZZI | Conference with Weingarten; letter to McGowan regarding Eastland settlement; attention to Chorney objection | 1.00 |
| 12/10/91 | E. BERTOZZI | Attention to pleadings regarding appeals; letter to Serreze | .50 |
| 12/11/91 | S. KUMINS | Prepared letter to L. Geremia regarding redemption coin owners | .38 |
| 12/11/91 | E. BERTOZZI | Call from redemption coin claimant; Conference with Serreze, McQueen on settlement; review and sign supplemental memo to Judge Pettine on appeals; prepare for hearing. | 1.00 |
| 12/12/91 | E. BERTOZZI | Conference with Chorney, Bankruptcy Court on Cullen hospitalization, continuance. | .25 |
| 12/16/91 | S. KUMINS | Reviewed redemption coin claimants' proofs of claim; letter to L. Geremia regarding redemption coin claimants | 2.63 |
| 12/16/91 | E. BERTOZZI | Conference with Chorney, Cullen, Posner, Bankruptcy Court clerk on hearing re Chorney motions; analyze redemption coin issues. | 1.00 |
| 12/17/91 | E. BERTOZZI | Review Chorney motion on appeals, conference with Serreze on response; conference with McGowan on Eastland settlement. | .50 |

E-259

| | | | |
|---|---|---|---|
| 12/18/91 | S. KUMINS | Study law regarding consignments and security interests | 2.50 |
| 12/18/91 | E. BERTOZZI | Conference with Chorney, conference with Cullen, letter to Chorney on subpoenas; attention to consignment issues; review and sign joint objection on appeals. | 1.00 |
| 12/19/91 | S. KUMINS | Review and analyze law regarding consignments, security interests | .63 |
| 12/19/91 | E. BERTOZZI | Conference with prospective coin buyer, letter to buyer with inventory. | .25 |
| 12/20/91 | E. BERTOZZI | Attention to Court decision, review motion and objection; conference with Serreze and McGowan on new motion. | 1.00 |
| 12/20/91 | S. KUMINS | Letter to L. Geremia regarding redemption coins | .63 |
| 12/23/91 | E. BERTOZZI | Conference with Posner on hearing, conference with Weingarten on sale of coins. | .50 |
| 12/23/91 | S. KUMINS | Review and analyze law regarding consignments, security interests; letter to L. Geremia regarding redemption coins | 1.00 |
| 12/24/91 | E. BERTOZZI | Conference with Court clerk, Posner, letter to Chorney on hearing; conference with Serreze, attention to complaint, memo to Eastland re: claim. | 1.00 |
| 12/26/91 | E. BERTOZZI | Conference McGowan on Eastland settlement, redemption coins; conference with S. M. Levin on redemption coin issues | 1.00 |
| 12/30/91 | E. BERTOZZI | Conference with Resnick; revise settlement letter to Geremia; accept service of Chorney subpoenas; conference and letter to creditor Glynn | 1.00 |
| 01/02/92 | E. BERTOZZI | Research on standards for compromise; conference with Serreze on settlement; conference with Posner; letter to Chorney on hearing | 1.00 |
| 01/03/92 | E. BERTOZZI | Conference with Posner on hearing | .25 |
| 01/06/92 | E. BERTOZZI | Attention to Chorney objection, prepare for hearing | .50 |

| | | | |
|---|---|---|---|
| /07/92 | E. BERTOZZI | Conference with Gomes of Internal Revenue Service on tax returns | .25 |
| /08/92 | E. BERTOZZI | Prepare for hearing; meetings with Cullen, Posner; negotiation with Chorney; defend trustee at hearing on Chorney motions | 3.00 |
| /10/92 | E. BERTOZZI | Work on Chorney orders | .50 |
| /14/92 | E. BERTOZZI | Conference with Ianarelli, American Rare Coin, on sale of coins. | .25 |
| /15/92 | E. BERTOZZI | Conference with creditor on claim. | .25 |
| /17/92 | E. BERTOZZI | Conference with FBI | .25 |
| /21/92 | E. BERTOZZI | Conference with Baverstam on sale of coins; call attorney Moloney of Mid America. | 1.00 |
| /22/92 | E. BERTOZZI | Attention to inventory list, conference with Moloney on Mid America auction; memo to Cullen et al on sale. | .50 |
| /23/92 | E. BERTOZZI | Work on Chorney orders. | .50 |
| /24/92 | E. BERTOZZI | Complete draft of order, fax to Chorney. | .25 |
| /27/92 | S. KUMINS | Strategized regarding revision of motion to approve settlement | .38 |
| /27/92 | E. BERTOZZI | Conference with McQueen, Geremia on redemption coins, grading; attention to motion to compromise. | .50 |
| /28/92 | S. KUMINS | Revised motion to compromise claim against estate | 2.38 |
| /28/92 | E. BERTOZZI | Letters to creditors; draft order on Chorney contacts, memo to Chorney, Cullen, Posner. | .50 |
| /29/92 | E. BERTOZZI | Conference with Weingarten on sales of assets; attention to materials from Mid America, Moloney on sales; conference with Serreze on settlement. | 1.00 |
| /30/92 | S. KUMINS | Revised motion to compromise claim | .38 |
| /31/92 | S. KUMINS | Letter to Hal Chorney; revised motion to compromise; research law regarding identifiability of goods | 2.38 |
| /31/92 | E. BERTOZZI | Conference with Serreze on settlement; attention to Mid America materials, letter to Weingarten; review Hagopian | 2.00 |

E-261

| | | | |
|---|---|---|---|
| | | letter on redemption coin settlement, review letter to Chorney; review and revise motion to compromise. | |
| 02/03/92 | E. BERTOZZI | Work on motion to settle | .25 |
| 02/03/92 | S. KUMINS | Revised motion to compromise with Eastland | 2.13 |
| 02/04/92 | S. KUMINS | Telephone call from Hal Chorney | .38 |
| 02/04/92 | E. BERTOZZI | Conferences with Serreze, Geremia on motion to settle; conference with Litman, attorney for the creditor | .50 |
| 02/05/92 | E. BERTOZZI | Review redemption coin issues, Chorney's refusal to testify; methods of getting information; review and revise settlement motion, Serreze comments | 1.00 |
| 02/06/92 | S. KUMINS | Drafted motion for 2004 examination, memo in support | 1.13 |
| 02/07/92 | E. BERTOZZI | Review and revise motion for Rule 2004 exam; review settlement motion, letter to McGowan, Geremia. | .50 |
| 02/07/92 | S. KUMINS | Revised motion for 2004 examination; motion to compromise settlement | 2.63 |
| 02/10/92 | S. KUMINS | Served motion to examine Chorney | .38 |
| 02/10/92 | E. BERTOZZI | Letter to Moloney on Mid American sale. | .25 |
| 02/11/92 | A. Corcoran | Review documents; prepare for hearing; attend hearing with SSerrezze | 1.75 |
| 02/11/92 | E. BERTOZZI | Meeting with Chorney on orders. | .25 |
| 02/12/92 | E. BERTOZZI | Review and revise Mid-American Agreement, letter to P. Moloney. | .75 |
| 02/13/92 | E. BERTOZZI | Conference with Cullen on Chorney litigation; conference with Weingarten on sale, conference with Posner on Chorney orders. | 1.00 |
| 02/18/92 | E. BERTOZZI | Review Chorney appellate pleadings and briefs. | 1.00 |
| 02/21/92 | E. BERTOZZI | Conference with S. Serreze, M. Silverstein on settlement. | .25 |
| 02/27/92 | E. BERTOZZI | Review creditor letter; conference with Serreze on creditor, settlement, appeals; review | 1.50 |

E-262

| | | | |
|---|---|---|---|
| | | and revise settlement agreement, conference, letter to McGowan; review Chorney orders, draft letter to clerk Court, revise order and letter to Chorney. | |
| 02/28/92 | E. BERTOZZI | Research, letter to Serreze on Chorney appeals. | .75 |
| 02/28/92 | S. KUMINS | Analyzed actions to be taken in redemption coin matter | .25 |
| 03/02/92 | E. BERTOZZI | Review auction agreement with Mid America. | .25 |
| 03/03/92 | S. KUMINS | Research law regarding subpoena of deposition witnesses | .50 |
| 03/03/92 | E. BERTOZZI | Conference with Weingarten on auction agreement; attention to Chorney letter, draft response. | .50 |
| 03/04/92 | E. BERTOZZI | Conference with Serreze on settlement agreement; attention to Chorney letter and order, draft letter to Bankruptcy Court; meeting with Geremia on settlement with Eastland and redemption coin claimants. | 1.00 |
| 03/04/92 | S. KUMINS | Strategized regarding Chorney deposition | .25 |
| 03/05/92 | S. KUMINS | Research law regarding consignments - substantial engagement | .38 |
| 03/06/92 | E. BERTOZZI | Review motion for reference by ESB; conference with Weingarten, revise Auction Agreement, letter to Moloney; conference with creditor Hersey; organize, redemption coin review. | 1.00 |
| 03/06/92 | S. KUMINS | Research law regarding "substantial engagement" in consignment business; telephone call to Peter Furness regarding Chorney | 2.75 |
| 03/09/92 | S. KUMINS | Telephone call to Mark Hagopian | .25 |
| 03/09/92 | E. BERTOZZI | Review Hagopian objection to settlement, analyze alternatives. | .25 |
| 03/10/92 | C. GIRON | Go to Bankruptcy court and begin listing claimants by name, address and bearer number; identify amount and proof | 3.25 |

E-263

| | | | |
|---|---|---|---|
| 03/10/92 | S. KUMINS | Reviewed proofs of claim | 1.38 |
| 3/11/92 | E. BERTOZZI | Conference with McGowan on Eastland settlement, attention to legal authorities. | .50 |
| 3/11/92 | S. KUMINS | Analyzed depositions for admissions regarding redemption coins | 4.50 |
| 3/11/92 | C. GIRON | Go to Bankruptcy Court; continue to list claimant information | 2.00 |
| 3/13/92 | E. BERTOZZI | Conference with Moloney, Weingarten on auction; attention to redemption coin review issues. | .75 |
| 03/16/92 | S. KUMINS | Telephone call to Sy Posner regarding redemption coins | .25 |
| 3/16/92 | C. GIRON | Go to Bankruptcy Court; continue listing claimant information | 3.00 |
| 3/16/92 | V. FRANCIS | To Bankruptcy Court to review file and ascertain creditors and amounts claimed, conference with C. Giron re same | 2.50 |
| 03/17/92 | E. BERTOZZI | Letter to Moloney on auction; review redemption coin issues | .50 |
| 03/17/92 | S. KUMINS | Telephone call from S. Posner; strategized regarding redemption coin issue | .25 |
| 03/18/92 | E. BERTOZZI | Attention to Moloney letter; conference with Weingarten on auction terms; revise auction agreement; letter to Moloney; conference with Baverstam | 1.00 |
| 03/18/92 | S. KUMINS | Revised settlement agreement; letter to S. Serreze and M. McGowan | 1.50 |
| 03/19/92 | E. BERTOZZI | Conference with Moloney on auction agreement | .25 |
| 3/19/92 | V. FRANCIS | To Bankruptcy Court to obtain names and addresses of claimants and claim amounts | 2.00 |
| 3/19/92 | C. GIRON | Bankruptcy Court to list claimant information | 2.00 |
| 03/20/92 | E. BERTOZZI | Conference with Moloney on auction agreement | .25 |
| 03/23/92 | E. BERTOZZI | Attention to file; conference with McGowan on settlement agreement | .25 |
| 04/03/92 | E. BERTOZZI | Conference with McGowan, attention to McGowan letter; letter to Serreze on | .50 |

E-264

| | | | |
|---|---|---|---|
| | | settlement; attention to Moloney letter; letter to Cullen, Weingarten, McGowan, Serreze on auction. | |
| 04/08/92 | E. BERTOZZI | Conference with Sheryl Serreze on settlement. | .25 |
| 04/09/92 | E. BERTOZZI | Conference with McGowan, Moloney on sale of coins. | .25 |
| 4/14/92 | E. BERTOZZI | Conference with Silverstein, Serreze on settlement, coin sale. | .50 |
| 4/30/92 | E. BERTOZZI | Conference with Weingarten, Moloney on coin sale. | .25 |
| 05/07/92 | E. BERTOZZI | Conference with attorney Farris, Serreze, Posner, Moloney on coin inspection, sale; letter to Cullen, Weingarten. | 1.00 |
| 05/11/92 | E. BERTOZZI | Attention to complaint and TRO motion by Chorney; conference with Chorney, Cullen, Sereze on complaint. Letter to Posner; analyze response to complaint. | 1.00 |
| 05/12/92 | E. BERTOZZI | Research, prepare for TRO hearing; conference with Farris, prospective coin buyer. | .50 |
| 5/12/92 | S. KUMINS | Research law regarding district court/bankruptcy court jurisdiction; prepared response to Chorney complaint and motion. | 2.13 |
| 05/13/92 | E. BERTOZZI | Review motion to dismiss, objection to TRO; prepare for hearing before Judge Boyle. | 1.00 |
| 05/13/92 | S. KUMINS | Drafted motion to dismiss, objection to TRO motion; filed pleadings. | 1.75 |
| 05/14/92 | E. BERTOZZI | Prepare for, attend hearing before Judge Boyle on Chorney complaint and motion for TRO; obtain favorable decision. | 1.50 |
| 5/20/92 | E. BERTOZZI | Conference with Posner; conference with Serreze, letter to McGowan on settlement; accept service from constable of Chorney suit. | .75 |
| 05/20/92 | S. KUMINS | Determined appropriate response to Chorney complaint. | .25 |
| 05/21/92 | S. KUMINS | Letter to Chorney regarding motion to dismiss. | |

E-265

| | | | |
|---|---|---|---|
| 06/10/92 | E. BERTOZZI | Review Judge Pettine's decision. | .25 |
| 06/11/92 | E. BERTOZZI | Conference with Serreze on Pettine decision, sanctions, pre-trial conference of Votolato. | .25 |
| 06/17/92 | E. BERTOZZI | Prepare for, conference with Judge Votolato on Chorney. | .50 |
| 06/18/92 | E. BERTOZZI | Meeting with Silverstein, Serreze and conference with Judge Votolato on contempt motion against Chorney. | 1.00 |

Total Hours 131.33

Total for Services $20,380.00

Disbursements

| | | |
|---|---|---|
| 2/28/91 | Outside Contract Delivery-Providence/EJB USBC | 1.00 |
| 09/10/91 | Outside Contract Delivery-Providence/EJB USBC | 1.00 |
| 10/02/91 | Outside Contract Delivery-Providence/EJB USBC | 1.00 |
| 1/13/91 | Outside Contract Delivery-Providence/EJB USBC | 1.00 |
| 11/15/91 | Outside Contract Delivery-Providence/EJB 380 Westminster St. | 1.00 |
| 1/22/91 | Outside Contract Delivery-Providence/EJB 1500 Fleet Center HAS&C | 1.00 |
| 1/27/91 | Outside Contract Delivery-Providence/EJB 380 Westminster St. | 1.00 |
| 12/05/91 | Outside Contract Delivery-Providence/EJB 380 Westminster St. | 2.00 |
| 12/06/91 | Outside Contract Delivery-Providence/EJB 380 Westminster St. | 1.00 |
| 1/23/92 | Overnight Express-Providence/EJB | 15.00 |
| 02/12/92 | Outside Contract Delivery-Providence/EJB 380 Westminster St. | 1.00 |
| 2/14/92 | Outside Contract Delivery-Providence/AC Kennedy Plaza | 7.00 |
| 03/05/92 | Outside Contract Delivery-Providence/EJB 380 Westminster St. | 1.00 |
| 05/14/92 | Petty Cash-Providence Travel to Boston to review documents-CMG | 28.00 |
| 5/26/92 | Petty Cash-Providence Travel round trip to Boston office-CMG | 29.12 |
| | Xerox-Providence | 635.26 |
| | Long distance telephone and fax | 511.09 |

Disbursements Total $1,237.47

Total This Statement $21,617.47

E-266

EDWARDS & ANGELL

. . Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

: .ridge Meridan Group
Church Street
..ridge, MA 02138

May 31, 1992

Professional Services Rendered

27177/86363

.berland Investment Corp.

| | | | |
|---|---|---|---|
| .5/02/91 E. BERTOZZI | Meetings with Weingarten, Oster, attend Bankruptcy Court hearing on Weingarten fee application. | | 3.00 |
| .5/07/91 E. BERTOZZI | Conference with Weingarten, hearing at Bankruptcy Court on examiner fee application and objections discovery. | | 2.00 |
| | Total Hours | 5.00 | |
| | Total for Services | | $1,050.00 |

.sbursements

| | | |
|---|---|---|
| .0/17/91 | Outside Contract Delivery-Providence/AJCo Bankruptcy Court | 1.00 |
| .0/17/91 | Outside Contract Delivery-Providence/AJC 380 Westminster | 15.00 |
| | Xerox-Providence | 32.53 |
| | Long distance telephone & fax | 8.83 |
| | Disbursements Total | $57.36 |
| | Total This Statement | $1,107.36 |

E-267

EDWARDS & ANGELL

r at Law
;hn F. Cullen
ılen & Resnick
. toric Navy Yard
ı' pway Place C-3
ıston, MA 02129

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

ı Professional Services Rendered August 31, 1992

28488/88634

ımberland Investment Corp.

| | | | |
|---|---|---|---|
| ^7/06/92 | E. BERTOZZI | Conference with Serreze, review Bankruptcy Court decision on Chorney; review Chorney appeals to First Circuit. | .50 |
| 7/07/92 | S. KUMINS | Drafted objection to Aubin's application for order for rent payment | 1.38 |
| 7/07/92 | E. BERTOZZI | Research on consignment, redemption coins. | 1.00 |
| ⌄7/08/92 | S. KUMINS | Revised objection to Aubin application; prepared for filing | .88 |
| ⌄7/08/92 | E. BERTOZZI | Conference with Serreze on first circuit appeal, consider remedies. | .50 |
| ˎ7/10/92 | E. BERTOZZI | Attention to materials from Chorney, letter to Cullen. | .25 |
| 07/13/92 | E. BERTOZZI | Review and execute documents relating to Chorney appeals, conference with Roberto. | 1.00 |
| 07/14/92 | E. BERTOZZI | Conference with Serreze on appeals; conference with Hiday. | .50 |
| 07/17/92 | E. BERTOZZI | Conference with McGowan, prepare for and attend hearing on Chorney stay; letter to Cullen, conference with Cullen on payment to Eastland. | 2.00 |
| 07/20/92 | E. BERTOZZI | Review and analyze Chorney motion for reconsideration. | .25 |
| ˀ/22/92 | E. BERTOZZI | Conference, letter to Serreze on post-petition loan payment, conference with Cullen. | .25 |
| ˀ/27/92 | E. BERTOZZI | Conference with Serreze on grand jury subpoena, attention to file. | .25 |
| ˀ/29/92 | E. BERTOZZI | Conference with Hershel Smith on suit vs. Cullen; letter to Cullen. | .25 |

E-268

| | | | |
|---|---|---|---|
| ‹‾/30/92 | E. BERTOZZI | Conference with Posner; conference with Cullen, letter to Smith on suit; attention to Serreze letter on subpoena; letter to Cullen. | .50 |
| ‹‿/05/92 | S. KUMINS | Drafted answer to complaint; telephone to S.Serreze; telephone call to bankruptcy court. | 2.50 |
| ‹·/05/92 | M. POGUE | Conference with E. Bertozzi and S. Kumins regarding pleading issues in Cumberland bankruptcy | .13 |
| 08/05/92 | E. BERTOZZI | Attention to Smith letter and complaint, conference with Serreze; analysis of complaint, further conference with Silverstein and Serreze; review and revise answer, analyze best response. | 1.00 |
| ( ./06/92 | S. KUMINS | Telephone call from Cullen; revised answer to complaint. | .38 |
| 0‿/19/92 | E. BERTOZZI | Conference with Cullen, Ruberto, Furness, Smith, Aubin, prepare for hearing; hearing before Judge Votolato on Aubin motion for payment of administrative expense; letters to Cullen, Posner; conference with Ruberto on order. | 3.00 |
| ‹‿/24/92 | E. BERTOZZI | Conference with attorney Torrance on suit v Chorney. | .25 |
| 08/25/92 | E. BERTOZZI | Review motion for stay by Chorney, analyze possible responses. | .25 |
| 08/27/92 | S. KUMINS | Drafted objection to motion for stay pending appeal | .63 |
| ‹°/31/92 | S. KUMINS | Revised objection to motion for stay | .25 |
| ( /31/92 | E. BERTOZZI | Conf. w/Posner; letter to Votolato; conf w/McGinley on Chorney claims | .50 |

Total Hours 18.40

Total for Services $3,197.25

E-269

erland Investment Corp.

ırsements

| | | |
|---|---|---|
| ./08/92 | Outside Contract Delivery-Providence/SMK USDC | 1.00 |
| /13/92 | Outside Contract Delivery-Providence/EJB HASC | 1.00 |
| 7/22/92 | Outside Contract Delivery-Providence/EJB HASC | 1.00 |
| /05/92 | Outside Contract Delivery-Providence/EJB HASC | 1.00 |
| /06/92 | Outside Contract Delivery-Providence/SMK 380 WEST | 1.00 |
| ./22/92 | Outside Contract Delivery-Providence/EJB HASC | 1.00 |
| | Xerox-Providence | 25.76 |
| | Long distance telephone and fax | 79.95 |
| | Disbursements Total | $111.71 |
| | Total This Statement | $3,308.96 |

E-270

EDWARDS & ANGELL

at Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

November 25, 1992

r. Cullen
& Resnick
ric Navy Yard
way Place C-3

rofessional Services Rendered

88634

Cumberland Investment Corp.

| | | | |
|---|---|---|---|
| 0/09/92 | E. BERTOZZI | Attention to Chorney's motion to clarify; conference with Serreze; letter to Court on Trustee's position. | 1.00 |
| /17/92 | S. KUMINS | Drafted motion to hold Chorney in contempt. | 1.88 |
| 9/17/92 | E. BERTOZZI | Conferences with Clerk, Webb, Serreze on motion for stay; conference with Posner; review indictment; consider alternatives to collect $200,000 sanctions. | 1.00 |
| 9/24/92 | E. BERTOZZI | Conference with Cullen on hearing on asset sales. | .25 |
| 0/25/92 | E. BERTOZZI | Conference with Posner on coins, possibility of sale, impact of trial. | .50 |
| 0/29/92 | E. BERTOZZI | Attention to check and letter from Cullen, send letter and check to Serreze on post-petition loan; conference with Bankruptcy Court Clerk on scheduling; review Chorney appeal brief. | 2.00 |
| /30/92 | E. BERTOZZI | Conference with Weingarten on sales. | .25 |
| 0/05/92 | E. BERTOZZI | Letter to Weingarten on sale of non-silver dollar items. | .25 |
| /08/92 | E. BERTOZZI | Conference with McGowan, Serreze, Weingarten, status conference with Judge Votolato, all on coin sales. | 2.00 |

E-271

ı F. Cullen
. /88634

November 25, 1992

| | | | |
|---|---|---|---|
| . /09/92 | E. BERTOZZI | Prepare for and argue at hearing before Judge Torres on Chorney motion for stay; conference with Bankruptcy Court Clerk. | 2.00 |
| 0/13/92 | E. BERTOZZI | Review brief filed on Chorney appeal; letter to Weingarten on sale of assets. | .50 |
| 0/21/92 | E. BERTOZZI | Conference with Ruberto on contempt motion vs. Chorney. | .25 |
| ┌'22/92 | E. BERTOZZI | Conference with Cullen on new Chorney suit, review complaint; letter to Cullen. | .50 |

Total Hours 12.38

Total for Services $2,393.00

. sements

| | | | |
|---|---|---|---|
| ›,01/92 | Outside Contract Delivery | 1.00 | |
| 18/92 | Outside Contract Delivery | 1.00 | |
| '/29/92 | Outside Contract Delivery | 1.00 | |
| | Xerox | 61.18 | |
| | Long Distance Telephone, Telecopies and Postage | 59.83 | |

Disbursements Total $ 124.01

Total This Statement $2,517.01

E-272

EDWARDS & ANGELL

y at Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

. Cullen
F~ & Resnick
oric Navy Yard
. .y Place C-3

January 27, 1993

Professional Services Rendered for the period
. .r 28, 1992 through December 31, 1992

6/88634

Cumberland Investment Corporation

| | | | |
|---|---|---|---|
| '28/92 | E. BERTOZZI | Review Ryan letter; draft response; attention to Chorney objection. | .25 |
| '05/92 | E. BERTOZZI | Conference with Cullen, clerk on suit by Chorney, suit by Smith; conference with Serreze on Taft suit. | .25 |
| .1/10/92 | E. BERTOZZI | Review Chorney motion, conference with Serreze. | .50 |
| 1-/13/92 | E. BERTOZZI | Conference with Weingarten, draft affidavit, letter to Weingarten. | .50 |
| 1'/16/92 | E. BERTOZZI | Review latest Chorney motions; draft letter to Cullen and Weingarten; draft answer to Taft amended complaint. | 1.00 |
| 1_/17/92 | E. BERTOZZI | Review and revise answer to Taft suit; conference with Serreze, review and sign response to Chorney motion to J. Torres. | .50 |
| 11/19/92 | E. BERTOZZI | Review new motion by Chorney; conference with Serreze. | .50 |
| ?'/23/92 | E. BERTOZZI | Conference with Cullen on Chorney motions, trustee's response. | .25 |
| ??/02/92 | E. BERTOZZI | Conference with Serreze; letter to Cullen; review and sign objections to Chorney motions. | .50 |
| 12/10/92 | E. BERTOZZI | Conference with Serage on Smith A.P., responses; conference with Weingarten sale. | .50 |

E-273

ɔerland Investment Corporation
. /88634

| | | | |
|---|---|---|---|
| . /14/92 | E. BERTOZZI | Conference with Baverstam on sale. | .25 |
| .ㄥ/17/92 | E. BERTOZZI | Conference with Serreze, FDIC on coins; draft stipulation, letter to Smith on extension of Taft AP. | .50 |
| . /18/92 | E. BERTOZZI | Conference with D. Ristaino, Serreze on safety deposit issues. | .25 |
| 1ㄥ/28/92 | E. BERTOZZI | Attention to Smith, Serreze on stipulation. | .25 |

Total Hours 6.00

Total for Services $1,260.00

rsements

| | | |
|---|---|---|
| ⅰ/18/92 | Outside Contract Delivery | 1.00 |
| /02/92 | Outside Contract Delivery | 1.00 |
| 12/02/92 | Outside Contract Delivery | 1.00 |
| | Photocopying | 68.77 |
| | Telephone, Telecopy and Postage | 31.52 |

Disbursements Total $103.29

Total This Statement **$1,363.29**

E-274

EDWARDS & ANGELL

t Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

r. Cullen
& Resnick
ic Navy Yard
ay Place C-3

March 29, 1993

ofessional Services Rendered for the period
ry 1, 1993 through February 28, 1993

'88634

umberland Investment Corporation

| | | | |
|---|---|---|---|
| /07/93 | E. BERTOZZI | Conference with Posner on trustee's actions, Chorney claims. | .25 |
| /13/93 | E. BERTOZZI | Attention to J. Torres orders; conference with Baverstam on sale of assets. | 1.00 |
| /14/93 | E. BERTOZZI | Conference with Serreze on stipulation, FDIC. | .25 |
| /14/93 | S. KUMINS | Conference with Fleet Cranston branch manager regarding viewing of vault. | .25 |
| /15/93 | E. BERTOZZI | Conference with Serreze on access to coins; conference with Baverstam on asset sales. | .50 |
| /15/93 | S. KUMINS | Conference with B. Quinn, P. Masquelette of FDIC regarding Cranston vault. | .50 |
| /21/93 | E. BERTOZZI | Conference with Weingarten on sale of assets; attention to Chorney appeal papers. | .50 |
| /22/93 | E. BERTOZZI | Attention to sale of asset alternatives. | .25 |
| /22/93 | S. KUMINS | Attention to sale of assets. | .13 |
| /29/93 | S. KUMINS | Attention to motion to sell free and clear. | .25 |
| /01/93 | S. KUMINS | Drafted motion to sell property free and clear of liens. | 2.13 |
| /02/93 | E. BERTOZZI | Analyze issues on Chorney appeal. | .25 |
| 02/93 | S. KUMINS | Attention to First Circuit appeal, motion to sell assets. | 1.38 |
| 03/93 | E. BERTOZZI | Conference with Cullen on FDIC, possession of coins; conference with Posner on coins, sales; letter to Cullen. | .50 |

E-275

March 29, 1993

. Cullen
38634

| | | | |
|---|---|---|---|
| 04/93 | S. KUMINS | Revised motion of sale of assets; attention to Chorney First Circuit appeal of sanctions. | 1.38 |
| 05/93 | S. KUMINS | Revised motion to sell property. | .63 |
| 05/93 | E. BERTOZZI | Review and revise motion to sell assets; attention to sale, procedural issues. | .75 |
| 08/93 | S. KUMINS | Conference with F. Cadigan; conference with S. Ponte; attention to Chorney's statement of issues. | 1.38 |
| 8/93 | E. BERTOZZI | Review and analyze Chorney appeal designation of record; conference with F. Cadigan at FDIC on appeal and sale; conference with Weingarten on sale. | 1.00 |
| 9/93 | E. BERTOZZI | Conference with Serreze, Silverstein on Chorney appeal; review First Circuit decision. | 1.00 |
| 0/93 | E. BERTOZZI | Conference with Posner on coins, subpoena. | .25 |
| 10/93 | S. KUMINS | Analyzed First Circuit decision dismissing appeals. | .25 |
| 22/93 | S. KUMINS | Attention to Motion to sell assets. | .13 |
| 24/93 | S. KUMINS | Conference with S. Ponte; revised motion to sell assets. | .25 |
| 25/93 | S. KUMINS | Conferences with second-hand antique dealers; revised motion to sell. | .38 |
| 26/93 | E. BERTOZZI | Conference with F. Cadigan on appeal, sale of assets; attention to appeal procedures. | .50 |

Total Hours 16.04

Total for Services $2,510.00

sements

| | | |
|---|---|---|
| 1/20/93 | Outside Contract Delivery | 1.00 |
| | Photocopying | 24.38 |
| | Long Distance Telephone and Fax | 62.75 |

Disbursements Total $88.13

Total This Statement $2,598.13

E-276

EDWARDS & ANGELL

rs at Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

F. Cullen
n & Resnick
oric Navy Yard
way Place C-3

August 31, 1993

Professional Services Rendered for the period
1, 1993 through July 31, 1993

9/88634

Cumberland Investment Corp.

| | | | |
|---|---|---|---|
| /04/93 | E. BERTOZZI | Conference with creditor Nierengarten. | .25 |
| 5/13/93 | E. BERTOZZI | Conference with Posner. | .25 |
| /27/93 | E. BERTOZZI | Obtain information on Chorney trial, conference with J. Cullen on verdict, actions to finish up Chapter 11. | .50 |
| /16/93 | E. BERTOZZI | Attention to letter from H. Smith; conference with claimant; letter to J. Cullen on test case. | .50 |
| 6/17/93 | E. BERTOZZI | Conference with J. Cullen on Taft suit. | .25 |
| 6/21/93 | E. BERTOZZI | Conference with M. Hagopian on Taft suit. | .25 |
| /29/93 | E. BERTOZZI | Conference with Ristaino on Cranston vault eviction. | .25 |
| /30/93 | S. KUMINS | Attention to joint pre-trial order regarding redemption; conference with M. Hagopian; and research law regarding fraud cited to plaintiff. | 1.63 |
| 7/06/93 | S. KUMINS | Conference with M. O'Neill regarding Fleet security, status of case. | .25 |
| 7/07/93 | S. KUMINS | Meeting with F. Cadigan regarding Taft adverse proceeding, joint pre-trial order; attention to Trustee; motion to sell property. | 1.50 |

E-279

EDWARDS & ANGELL

s at Law

2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

Fed. ID# 05-0135015

. F. Cullen
-n & Resnick
toric Navy Yard
ay Place C-3

November 29, 1993

Professional Services Rendered for the period
t 1, 1993 through October 31, 1993

/88634

Cumberland Investment Corp.

| | | | |
|---|---|---|---|
| /02/93 | S. KUMINS | Conferences with M. Hagopian, F. Cadigan regarding pre-trial order, coins in vault. | .38 |
| /03/93 | E. BERTOZZI | Conference with Cullen on moving coins. | .25 |
| /16/93 | S. KUMINS | Conference with S. Posner regarding removal of coins; letter to F. Cadigan regarding removal, appraisal of coins. | .88 |
| /16/93 | E. BERTOZZI | Conference with S. Posner on coin appraisal, storage and sale. | .25 |
| /24/93 | E. BERTOZZI | Review first circuit decision, send to Cullen. | .25 |
| /06/93 | S. KUMINS | Drafted objection to motion for reconsideration. | .88 |
| /06/93 | E. BERTOZZI | Review Chorney motion, trustee's objection. | .25 |
| /25/93 | E. BERTOZZI | Conference with S. Posner on information requested. | .25 |
| /26/93 | E. BERTOZZI | Conference with Cullen on conversion. | .25 |
| /27/93 | E. BERTOZZI | Conference with Serreze, Posner; letter to Cullen, McGowan on motion to convert. | .50 |

Total Hours 4.14

Total for Services $666.10

sements

| | |
|---|---|
| Photocopying | 27.37 |
| Communication Charge | 16.64 |

Disbursements Total $44.01

Total This Statement E-281 $710.11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re | : | |
| | : | |
| CUMBERLAND INVESTMENT CORPORATION, Debtor | : | Chapter 11 |
| | : | Case No. 89-11051-ANV |
| | : | |

EXHIBIT 1

ORDER

Upon the annexed Expedited Motion of John F. Cullen, the duly appointed Chapter 11 Trustee (the "Trustee"), dated October ____, 1990 (the "Motion") for the entry of an order authorizing the Trustee to borrow money from Eastland Bank ("Eastland") and authorizing the Trustee to incur secured and priority administration indebtedness under Section 364(c) of the Bankruptcy Code (the "Code") to Eastland; the Court having examined the Motion and the exhibits attached thereto and conducted a hearing with respect thereto,

THE COURT FINDS AS FOLLOWS:

A. On December 6, 1989, the debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Petition"), and an order for relief was entered with respect thereto. Pursuant to Section 1108 of the Code, the debtor was authorized to retain possession of its assets and to operate its business.

B. On December 18, 1989, Michael Weingarten was appointed the Examiner (the "Examiner").

Attest to
True Copy

James M. Lynch
Clerk

By [signature]
Deputy Clerk

E-282

C. On August 9, 1990 the Court entered an Order granting various forms of relief including the appointment of a Chapter 11 Trustee. John F. Cullen was appointed the Chapter 11 Trustee (the "Trustee").

D. An immediate need exists for the Trustee to obtain funds to pay for the Move (the removal by the Trustee of Debtor's assets and records from Debtor's business premises), the process of liquidation of the debtor's assets, to pay for administrative claims previously authorized per Order of Court and to pay for other additional administrative payments accruing subsequent to the Trustee's appointment (the "Trustee's Expenses").

E. Eastland previously advanced $75,000 to the Trustee which was used by the Trustee to pay for a portion of the Trustee's Expenses. The advance to the Trustee was conditioned upon the Trustee agreeing to immediately move for nunc pro tunc relief to grant Eastland a first position, secured, priority, administrative claim pursuant to 11 U.S.C. Section 364(c)(1) of The Bankruptcy Code in the amount of $75,000.

F. The Trustee is unable to obtain the required funds to pay for the Trustee's Expenses and/or additional administrative claims, to be approved by the Court, in the form of unsecured credit as a claim which would be allowable under Section 503(b)(1) of the Bankruptcy Code or as an administrative expense pursuant to Section 364(a) or (b) of the Bankruptcy Code.



E-283

G. Eastland has filed a Motion to Approve Secured Claim (the "Motion") wherein it claims a duly perfected first position, security interest in substantially all assets of the debtor (the "Collateral"), to secure the payment of pre-petition debt and, therefore, the Trustee is unable to borrow funds on a secured basis.

H. Eastland has not consented, and will not consent, to the Trustee's use of ("Cash Collateral") as that term is defined under 11 U.S.C. §363 and will not consent to loan any additional money to the Trustee unless and until the within Order is entered which includes a provision for the granting of nunc pro tunc relief pursuant to 11 U.S.C. §364(c)(1) regarding the $75,000 previously loaned to the Trustee.

I. Eastland is willing to lend additional money and extend new credit to the Trustee provided Eastland is granted the protections set forth in this Order, including nunc pro tunc authorization, and is assured that such actions and forbearance will not waive or otherwise prejudice the rights of Eastland.

J. Good cause has been shown for the entry of this Order and it is in the best interest of the estate and its creditors.

K. The terms of the borrowing authorized hereby are fair and reasonable under the circumstances and meet all the requirements of 11 U.S.C. §364(e) including that such credit be extended in good faith.



E-284

WHEREFORE, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The factual findings contained in the preamble to this Order are incorporated herein by this reference thereto, and the Trustee and Eastland and Gerald Aubin and Harold Chorney consent and stipulate thereto.

2. The Trustee is hereby authorized to borrow up to $400,000 from Eastland in accordance with the terms and provisions hereof and in accordance with the terms and provisions of the Post-Petition Financing Agreement.

3. As security for all of Eastland's post-petition loans or post-petition advances previously made, or to be made, to the Trustee (the "Post-Petition Debt"), Eastland is hereby granted a first priority, valid, perfected and enforceable security interest in and lien upon any and all assets of the estate, of whatever kind and nature, as that term is defined pursuant to 11 U.S.C. §541, except as otherwise provided in paragraph 21 hereof, including but not limited to the following assets now owned or after acquired and the proceeds (including, without limitation, insurance proceeds) and products thereof: all contract rights, accounts, accounts receivable, equipment, inventory, machinery, causes of action, tangibles, intangibles, real estate, any and all assets recovered or recoverable by the Trustee pursuant to 11 U.S.C. §§542, 543, 544, 547, 548 and 549, and any claims accruing to the debtor on or after the Filing Date (the "Post-Petition Collateral").



E-285

4. Eastland's first priority, valid, perfected and enforceable security interest in and lien upon the Post-Petition Collateral shall be prior to any lien or interest claimed by any party to secure all loans made to the Trustee up to $400,000.

5. The security interest and liens granted hereunder shall be: (a) in addition to any security interests, liens and rights of set-off found by this Court to be existing in favor of Eastland as of the Filing Date; (b) valid, perfected, enforceable and effective as of the Filing Date without the requirement of any further action by the Trustee or Eastland and without the execution, filing or recordation of any financing statements, security agreements, mortgages, deeds or any other actual documents and (c) senior at all times to the rights of the debtor, any successor debtor in possession, the Trustee or any Successor Trustee.

6. If in Eastland's sole discretion, after the occurrence of a default under the Post-Petition Financing Agreement, or the terms of any subsequent agreement between the Trustee and Eastland, or after the termination of any of the Post-Petition Financing Agreements, it is necessary for Eastland to exercise its rights in order to effect repayment of the Post-Petition Debt, Eastland shall give the Trustee, his counsel, counsel for the Official Creditors' Committee and the United States Trustee written notice thereof and shall apply to the Court for an emergency hearing. The Trustee



E-286

consents to an expedited hearing not more than five (5) business days after the date of such notice and application. Pending such hearing, (a) the Trustee shall have full rights to cure such default, (b) Eastland shall have no obligation to advance further funds to the Trustee, and (c) the Trustee shall have no right to use any Cash Collateral claimed by Eastland pending such hearing without Eastland's express written consent.

7. In the event of (i) the Trustee's failure to fully perform any of his obligations as provided in this Order and after notice of same by Eastland to the Trustee and his counsel; (ii) the conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Code; or (iii) the dismissal of the Debtor's Chapter 11 case or any subsequent case under Chapter 7 of the Code (collectively the "Default Events") then and upon occurrence of any of the foregoing, and at all times thereafter, Eastland shall be automatically relieved of any stay including, without limitation, any stay under Section 362 of the Code or other restriction on the enforcement of the liens and security interests granted to Eastland pursuant to this Order, the Post-Petition Financing Agreements, and Eastland shall be and is hereby authorized in its discretion to take any and all actions and remedies which Eastland may deem appropriate to proceed against and realize upon the Post-Petition Collateral to obtain repayment of all Post-Petition Debt, all without further Order of this Court, including,

without limitation, all such actions and remedies as are set forth in the Post-Petition Financing Agreements.

8. All loans and extensions of credit under this Order and under the Post-Petition Financing Agreement owed by the Trustee to Eastland shall be considered Post-Petition Debt, shall be due on demand, shall be made at the sole discretion of Eastland, shall constitute a secured claim, shall constitute an administrative expense in this case, shall have priority under the provisions of Section 364(c)(1) of the Code over all other costs and administrative expenses incurred in the proceeding pursuant to Sections 503(b) or 507(b), and shall at all times be senior to the rights of the Trustee or any successor trustee in this or any subsequent proceedings under the Code. No costs or expenses of administration ("§506(c) expenses") shall be imposed against Eastland, its claims or its collateral unless Eastland shall have consented thereto in writing.

**9. The Trustee may not at any time apply for or acquiesce in an application for an Order which authorizes under 11 U.S.C. §364, the obtaining of credit or the incurring of indebtedness secured by a lien, security interest or mortgage on Post-Petition Collateral which is equal to or senior to that possessed by Eastland or entitled to priority over all administrative expenses, unless Eastland shall have consented thereto in writing or been first paid in full all Post-Petition Debt or unless the purpose is to pay in full all Post-Petition Debt.**

10. The Trustee and Eastland shall establish an escrow account at Eastland into which all advances made by Eastland to the Trustee, and all proceeds from the sale of Post-Petition Collateral, shall be deposited (the "Escrow Account"). The Trustee shall cause such funds to be distributed in the order and manner as follows: 1) $70,000 to the Examiner and $14,000 to his Counsel to pay previously approved administrative claims; 2) $75,000 plus interest to Eastland to be applied to that portion of the Post-Petition Debt previously advanced to the Trustee; 3) the Trustee's subsequent fees and expenses, and other administrative expenses subject to further order of this court; 4) to Eastland to be applied against the Post-Petition Debt initially to (a) accrued and accruing interest (at the rate set forth in the Post-Petition Financing Agreement, fluctuating as set forth therein), (b) then to all fees and expenses provided for in the Financing Agreement, and (c) then to the unpaid principal balance of the Post-Petition Debt; 5) the remaining proceeds will be held in the Escrow Account subject to further order of this Court.

11. As a condition precedent to any new advances from Eastland to the Trustee constituting Post-Petition Debt, Eastland shall have received, in form and substance satisfactory to Eastland and to Eastland's counsel, such agreements, documents and instruments from the Trustee and from third parties as Eastland or its counsel requests in order to effectuate the transactions described herein.



E-289

12. Upon Eastland's request, the Trustee shall execute and deliver to Eastland notes, assignments, security agreements, financing statements, mortgages, or other instruments or documents considered by Eastland to be necessary or desirable to evidence the Trustee's obligations hereunder and under the Post-Petition Financing Agreement and to perfect the liens and security interest granted hereunder. The Trustee is authorized and directed to execute and deliver any such instruments and documents to Eastland, and Eastland is authorized to receive, file and/or record the same. For such purposes, the automatic stay is vacated.

13. Eastland may terminate its obligation to lend additional money or otherwise extend credit to or on behalf of the Trustee at any time in accordance with the Post-Petition Financing Agreement or any time after a default hereunder, under the Post-Petition Financing Agreement, or under any subsequent agreement between the Trustee and Eastland. The Trustee may terminate his obligations at any time in accordance with the Post-Petition Financing Agreement or by paying in full all sums owed to Eastland including all fees, the outstanding principal balance of and all accrued and unpaid interest with respect to the Post-Petition Debt. In any event, however, the obligations and rights of Eastland and the Trustee with respect to all transactions that have occurred prior to such termination shall remain unimpaired and unaffected by any such termination and shall survive such termination and be binding upon any successor trustee.



E-290

14. All costs and expenses (including, without limitation, all filing and recording fees, reasonable attorneys' and paralegals' fees and expenses) incurred by Eastland in connection with (a) the preparation of this Order and the Post-Petition Financing Agreement, (b) the preparation of any additional documents deemed necessary or desirable by Eastland, (c) the preservation and protection of Eastland's rights hereunder and (d) the collection of all sums due Eastland shall be deemed to be an advance made by Eastland to the Trustee, and shall constitute Post-Petition Debt as that term is defined herein.

15. To the extent the debtor or the Trustee or the Examiner has used what the Court determines to be Eastland's cash collateral post-petition or has used the proceeds of what the Court determines to be Eastland's Pre-Petition Collateral, post petition, such use shall be deemed to be an advance made by Eastland to the Trustee and shall constitute Post-Petition Debt as that term is defined herein.

16. Eastland shall not be required to file financing statements or other documents in any jurisdiction or to take any other action in order to validate or perfect the security interests and liens granted to it hereunder or under the Post-Petition Financing Agreement. If Eastland shall in its sole discretion choose to file such financing statements or other documents, or otherwise confirm perfection of such security interest and liens, all such financing statements or similar



E-291

documents shall be deemed to have been filed or recorded at the time and on the date of the filing of the debtor's petition initiating this proceeding, and the costs of such filing or recording shall be payable by the Trustee to Eastland as aforesaid.

17. The provisions of this Order shall be binding upon and inure to the benefit of Eastland, the Trustee, and their respective successors and assigns. The provisions of this Order shall survive entry of any subsequent Order whether the same be an Order confirming a Chapter 11 plan or for relief under Chapter 7 of the Code, and the provisions of this Order, as well as the liens, security interests and mortgages arising pursuant thereto in favor of Eastland shall continue in this and any subsequent proceeding under the Code, and such liens and security interests shall maintain their priority as provided for under this Order until all of the Post-Petition Debt is paid in full. The Post-Petition Debt and all other obligations arising under the Post-Petition Financing Agreements shall not be altered, extended or affected by any plan confirmed in this Chapter 11 case or by any other action taken or relief sought in this Chapter 11 case hereafter.

18. Without limiting more specific provisions of this Order, the automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified as to Eastland to the extent necessary to implement the provisions of this Order, the Financing Documents, and the Post-Petition Financing

Agreement, including without limitation, the right to receive payments in accordance with the Post-Petition Financing Agreement.

19. Notice of the entry of this Order shall be given by the Trustee to those creditors listed on the list filed pursuant to Bankruptcy Rule 1007(d) and to any duly appointed committee. Such notice shall include copies of the Application filed by the Trustee, without exhibits, and this Order. Such notice shall be mailed within three (3) days after the entry hereof by the Trustee by first-class mail, postage prepaid.

20. This Order shall be deemed to be effective upon its entry and shall remain in full force and effect until the entry of an Order of this Court modifying, extending, or terminating the provisions hereof or any of them. In all events pending the entry of such other Order, the provisions hereof shall be binding upon the Trustee, Eastland or in the event of conversion of this case to a case under Chapter 7 of the Trustee appointed therein.

21. Any of the foregoing to the contrary notwithstanding,

(a) The security interest granted hereby to Eastland shall be junior in priority to the security interest of Peoples Loan and Trust Bank of Indianapolis, Indiana ("Peoples Bank") in Debtor's coins in possession of Peoples Bank to the extent such security interest of Peoples Bank may be allowed;



E-293

(b) The security interest granted hereby to Eastland shall not attach to so-called redemption coins in the possession of the Trustee unless the Court later determines that such coins are property of the estate not subject to superior claims or interest of redemption coin claimants;

(c) The Trustee will proceed forthwith to determine the methodology to sell the Peoples Bank collateral; the Trustee (or Examiner), Jonathan Oster as attorney for Harold Chorney, Hershel Smith as attorney for Gerald Aubin, and Robert Wieck as attorney for Peoples Bank, will use their best efforts to agree on the methodology for the sale and on the form of motion and order to be submitted to the Court to authorize the sale.

(d) The Trustee (or Examiner), Jonathan Oster as attorney for Harold Chorney, and Hershel Smith as attorney for Gerald Aubin will forthwith exercise their best efforts to agree on the methodology for sale of the rest of the tangible assets of the estate; no immutable timetables are to be set for sales, but changes in the market should b considered; if the parties fail to agree, they shall try to narrow the issues for presentation to this Court for determination.

(e) Excepting payment to Eastland of approximately $75,000 and payment to Examiner and Edwards & Angell of approximately $84,000 of fees and expenses already approved, the Trustee will, before spending borrowings under the financing authorized hereby, give Jonathan Oster and Hershel

Smith 10 days prior notice of such proposed borrowing and spending, if they do not object they shall be deemed to have waived any objection and an appropriate motion and order may be presented to the Court for approval of such borrowing and spending.

ARTHUR N. VOTOLATO, JR.
UNITED STATES BANKRUPTCY JUDGE

Dated: December ____, 1990

The undersigned consent to the above order and waive appeal therefrom.

HAROLD CHORNEY

By his attorney,

Jonathan Oster, Esq.
Oster & Groff
936 Smithfield Avenue
Smithfield, RI 02865
(401) 724-2400

GERALD AUBIN

By his attorney,

Z. Hershel Smith, Esq.
DiSandro Smith & Associates
155 South Main Street
Providence, RI 02903
(401) 274-7900

EASTLAND BANK

By its attorneys,

Peter J. Furness, Esq.
Hinckley, Allen, Snyder & Comen
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
State Bar Code No. 3608

JOHN F. CULLEN, ESQ.

By his attorneys,

Edward J. Bertozzi, Jr., Esq.
Edwards & Angell
2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

24



E-295

Smith 10 days prior notice of such proposed borrowing and spending, if they do not object they shall be deemed to have waived any objection and an appropriate motion and order may be presented to the Court for approval of such borrowing and spending.

ARTHUR N. VOTOLATO, JR.
UNITED STATES BANKRUPTCY JUDGE

Dated: December __, 1990

The undersigned consent to the above order and waive appeal therefrom.

HAROLD CHORNEY

By his attorney,

See attached

Jonathan Oster, Esq.
Oster & Groff
936 Smithfield Avenue
Smithfield, RI 02865
(401) 724-2400

GERALD AUBIN

By his attorney,

Z. Hershel Smith, Esq.
DiSandro Smith & Associates
155 South Main Street
Providence, RI 02903
(401) 274-7900

EASTLAND BANK

By its attorneys,

Peter J. Furness, Esq.
Hinckley, Allen, Snyder & Comen
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
State Bar Code No. 3608

JOHN F. CULLEN, ESQ.

By his attorneys,

Edward J. Bertozzi, Jr., Esq.
Edwards & Angell
2700 Hospital Trust Tower
Providence, RI 02903
(401) 274-9200

WP:DELUCA[illegible].AD6



E-296

[NOT FOR PUBLICATION]

APPENDIX A

# United States Court of Appeals
## For the First Circuit

No. 93-1094

HAROLD F. CHORNEY,

Appellant,

v.

MICHAEL WEINGARTEN, ET AL.,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Breyer, Chief Judge,
Selya and Boudin, Circuit Judges.

Harold F. Chorney on brief pro se.
Edward J. Bertozzi, Jr. and Edwards & Angell, on brief for appellee John F. Cullen, Trustee.

September 23, 1993

E-297

Per Curiam. Harold F. Chorney challenges the district court's affirmance of a bankruptcy court order of July 2, 1992, finding him in civil contempt for a "continuous, deliberate, and unjustified interference with the orderly progress of this bankruptcy case," and ordering him to pay $200,000 compensation to the trustee. We affirm.[1]

The bankruptcy proceeding from which the instant appeal arises has a long and tangled history. The docket entries alone consume almost 79 pages as of the date of the contempt order challenged here. On this appeal we have been provided with a partial record consisting primarily of select materials generated in 1991 and 1992. The following background facts are culled from three earlier published opinions of the courts below. In re Cumberland Inv. Corp., 116 B.R. 353 (Bankr. D.R.I. 1990); In re Cumberland Inv. Corp., 118 B.R. 3, 4 (Bankr. D.R.I. 1990); In re Cumberland Inv. Corp., 133 B.R. 275 (D. R. I. 1991).

Debtor, Cumberland Investment Corporation ("CIC"), a wholly owned Rhode Island subsidiary of a Canadian corporation, Wescap Enterprises, Ltd., was in the business of buying and selling numismatic coins and stamps. Chorney was a principal

---

1. Chorney's notice of appeal refers to the district court's order of January 8, 1993 in the singular. There were two orders entered that day, one dismissing the appeal on the merits, the other dismissing a motion for reconsideration based on "new evidence." The issues designated show that only the first order is contested.



E-298

of CIC and chief executive officer of Wescap. Eastland Bank was the major secured creditor.

In November, 1989, Eastland and two other creditors petitioned CIC into bankruptcy. About a month later, CIC converted the Chapter 7 involuntary petition into a voluntary Chapter 11 proceeding. Judge Votolato initially denied an Eastland motion for appointment of a Chapter 11 trustee, instead authorizing appointment of an examiner. Pending the outcome of the examiner's investigation, CIC was restrained from selling any coins without court approval.

There ensued seven months of investigation, a series of five reports from the examiner, and at least 11 days of contested hearings and motions by both sides. On the basis of the evidence thus generated, which reflected a "pervasive, broad course of debtor misconduct" and the debtor's "repeated failure to respond adequately to an overwhelming amount of negative evidence," the judge reversed course. In re Cumberland Inv. Corp., 118 B.R. at 4-5, 6. He granted a renewed motion for appointment of a trustee, expressing regret that he had earlier denied it.

The court simultaneously ordered the immediate discharge of all CIC employees and three principals, including Chorney. In re Cumberland Inv. Corp., 118 B.R. at 7-8. Among the misdeeds leading to the discharges, the court found that Chorney and his agents had purposely delayed the bankruptcy



E-299

process through shifting misrepresentations about corporate assets, unauthorized and transparently fraudulent business operations, and circumvention of the court's injunction against coin sales. In re Cumberland Inv. Corp., 118 B.R. at 4-7.

Shortly before the decision to appoint a trustee, the court had also held hearings over a five-day period on a CIC motion to strike one of the examiner's reports. In that motion, Chorney had alleged examiner bias, conflict of interest, slander, a conspiracy between the examiner and Eastland to misrepresent CIC's affairs, and inventory switches by Eastland. From the evidence presented there, the court questioned the debtor's good faith, concluding that Chorney's allegations were "totally unsupportable," "fabricated," and "out of touch with reality." In re Cumberland Inv. Corp., 116 B.R. at 354. The district court affirmed both orders, finding the bankruptcy judge's analysis "well supported" by the evidence. In re Cumberland Inv. Corp., 133 B.R. at 279, 280.

In the nine months following the trustee's appointment, the bankruptcy court docket sheet shows 234 entries. Among them are a variety of motions brought by the trustee, examiner, and Eastland seeking orders directing Chorney to cooperate or to refrain from interference with the bankruptcy process.

The proceedings immediately precipitating this appeal began on May 21, 1991, when Chorney moved to adjudge the



E-300

examiner in contempt. The sole basis for this motion was an allegation that the examiner had failed to use his "best efforts" to obtain agreement among the parties on a method for sale of assets as required by an earlier court order. A hearing was held and testimony taken which showed the motion to be unfounded and wholly frivolous.

On July 3, 1991, in an order dismissing the examiner contempt motion, Judge Votolato observed that over the course of the bankruptcy proceedings Chorney had "deliberately and continuously acted in bad faith to obstruct and to hinder the efficient administration of the estate." He sua sponte ordered Chorney to show cause why he should not be adjudged in contempt for his "wilful interference with the orderly and economic administration of this estate and [his] unjustified waste of the time of this Court and of numerous parties."[2]

A hearing on the show cause order was held on September 17, 1991. Testimony at that hearing spans 80 transcript pages. Judge Votolato continued the matter without a finding in the hope that a change in Chorney's behavior or attitude might warrant further consideration. After a status

---

2. The order also barred Chorney from further participation or intervention in judicial proceedings relating to the disposition of the estate, except on the same basis as a general creditor.



E-301

conference on June 18, 1992 revealed no change,[3] the court issued the contempt order appealed here. In addition to the entire record as reflected in the docket entries, the court relied on the trustee's summary of recent events at the show cause hearing.

> [T]he Trustee, John Cullen, Esq., described what was unfortunately an already too familiar pattern of obstructionist behavior by Mr. Chorney [footnote omitted]. For example: he continued, post-petition, to advertise fraudulently after both agreeing to and being ordered to desist; to cure a glaring security problem, the Trustee moved for and obtained a Court order to physically eject Chorney from the Debtor's business premises (where he was actually living,[*] after repeated broken promises to vacate;[**] CIC records were allegedly concealed and/or destroyed; coin and other inventory values were grossly and fraudulently overstated to the

---

3. At the status conference the judge learned that in the intervening months Chorney, through Wescap, filed a state court lawsuit reciting the same alleged coin switches by Eastland which the bankruptcy court had earlier determined to be a fabricated charge. The suit was removed to federal court and Eastland advised that it was preparing a motion to dismiss the suit on collateral estoppel grounds. Hearing of June 18, 1992, Tr. at 2-4. Further, liquidation of the estate had been forced to a halt due to a pending criminal investigation into Chorney's conduct. Tr. at 6-8.

During the same period Chorney also took four appeals to the district court from bankruptcy orders. All four were dismissed with prejudice on the merits. Cumberland Inv. Corp., Nos. 91-0594, 91-0595, 91-0596, 91-0604, slip op. (D. R. I., June 5, 1992). Chorney then attempted to further appeal three of the orders to this court, which dismissed them as improperly taken from interlocutory orders. Chorney v. Eastland Bank, Nos. 92-1780, 81, 82, slip. op. (1st Cir. Feb. 5, 1993).



E-302

court, the Trustee, and to creditors; many frivolous pleadings were filed and extensively litigated, with the intent and effect of impeding the administration of an estate already left in shambles by Chorney; information concerning the identity of redemption coin holders was wrongfully withheld on the baseless ground of 'confidentiality,' even after disclosure was ordered by the Court, and so on.

The most damaging consequence of Chorney's incomprehensible behavior, however, is the incredible amount of needless expense that has been heaped upon the estate, and ultimately, of course, upon the creditors. The Trustee's and Examiner's duties (and their fees and expenses) have been increased; secured creditors, long-delayed in exercising their rights, have seen the interest part of their claims escalate; and the likelihood of a meaningful distribution to hundreds of unsecured creditors and redemption coin holders has been practically eliminated. All of this waste has been caused unnecessarily by Harold Chorney.

---

* Chorney's apartment was literally surrounded by inventory, allowing a real-life "fox-guarding-the-chicken-coup" scenario. His bed was literally within inches of the vault and its contents.

** The Court order was ignored, however, and the Trustee ended up, instead, moving the assets to another location, at a cost to the estate of approximately $95,000.

<u>In re Cumberland Inv. Corp.</u>, No. 89-11051, slip op. at 2-3 (Bankr. D.R.I. July 2, 1992).

On the basis of time records submitted by the trustee, the examiner and Eastland Bank, showing "expenses directly attributable to <u>unnecessary</u> litigation and/or extra judicial

work generated by Mr. Chorney," the court ordered Chorney to pay $200,000 to the trustee as "partial reimbursement for the deliberate post-petition damage he has done to creditors." In re Cumberland Inv. Corp., No. 89-11051, slip op. at 4. The court said that its order was "purposefully crafted to be compensatory and not punitive in nature." Id. at 4.

Chorney's brief here denies the accuracy of the judge's factual conclusions and argues that he is the victim of retaliation for his criticisms of improprieties by the judge, trustee and examiner. In support of his denials and blame shifting, however, he points only to previous appellate briefs in this court and elsewhere which recite the same conclusions, and to selected excerpts from the record. We have read the briefs and the record references as liberally as possible in his favor, given his pro se status. However, the material he offers barely provides even a glancing basis for his factual denials and no concrete support for his accusations. The selectivity of his citations, incoherent or indistinct purpose for many record references, and his repeated blurring of temporally distinct events, only serves to confuse and obfuscate the issues.[4]

---

4. We also reviewed the videotape quoted in Chorney's brief, and conditionally accepted by this court on Chorney's motion to supplement the record. We are unable to determine from the scanty information given whether the tape was in evidence below and might thus be a proper part of this record. In any event, the tape does not support Chorney's assignments of error.



E-304

"We must uphold the factual findings of the bankruptcy court, as affirmed by the district court, unless they are clearly erroneous." In re Power Recovery Sys., Inc., 950 F.2d 798 (1st Cir. 1991). Based on a full review of the record before us, including transcripts of the hearings of May 7, 1991, May 22, 1991, September 17, 1991, June 18, 1992, and July 17, 1992, it clearly appears that the bankruptcy court had more than ample evidence to support the contempt order.

We also reject Chorney's procedural challenges to the hearing and order. While Chorney claims now that he was never notified of the order, nor given time to prepare a defense, the record shows that he received ample notice and specification of the issues in the court's Show Cause order of July 3, 1991. That order fully complied with Bankruptcy Rule 9020(b). Chorney had more than two months to prepare a defense, was present without objection at the September 17, 1991 hearing, represented by counsel, testified, and was well prepared on all the issues raised.

Equally meritless is Chorney's claim that he was unconstitutionally deprived of a right to a jury trial. Absent an express statute, there is no right to a jury trial in civil contempt proceedings. Shillitani v. United States, 384 U.S. 364 (1966); cf. United States v. Pina, 844 F.2d 1, 11-12 (1st Cir. 1988) (even in some classes of criminal contempt cases there is no right to a jury). And while it may not always be



E-305

easy to distinguish between criminal and civil contempt, there is no difficulty where, as here, the ultimate object is to compensate the injured party. See generally, In re Power Recovery Sys., Inc., 950 F.2d at 802-03 (defining criminal and civil contempt sanctions); Charles A. Wright et. al., 11 Federal Practice and Procedure § 2960 at nn. 59-60 (1973 & supp. 1992) (same).

At least two of the other issues raised in Chorney's brief merely reiterate arguments he raised in earlier appeals, which were dismissed by this court as improperly taken from interlocutory orders.[5] Chorney's remaining arguments are frivolous.

For the reasons stated, the judgment of the district court is affirmed. Appellee's request for sanctions is denied without prejudice to renewal of the request in the future should events so warrant.

5. See supra note 3. Chorney reiterates that he was denied due process when Judge Votolato both recused himself from hearing an Eastland motion to hold Chorney in contempt and ruled that there was no right to a jury trial on the Eastland motion. The Eastland motion was transferred to another judge, and eventually withdrawn. If by reasserting this argument Chorney is suggesting that Judge Votolato should have recused himself from the instant contempt hearing, the argument fails for want of any facts creating a reasonable doubt as to the judge's impartiality. United States v. Lopez, 944 F.2d 33, 327 (1st Cir. 1991). Chorney also attempts to reargue the contentions underlying his interlocutory appeal from denial of his motion to hold the examiner in contempt.



E-306