EXHIBIT G

August 20, 2007

Arthur N. Votolato
U.S. Bankruptcy Judge
380 Westminster Mall
Providence, R.I. 02903

In Re: Cumberland Investment Corporation 89-11051

**RESTRICTED DELIVERY**

This is Petitioner's **second** attempt to present to Chambers the enclosed for filing. For reasons unknown, the enclosed Motion and Memorandum, mailed on August 5, 2007, and sent certified to the court was not delivered. See attached letter from the U.S. Postal Service, dated August 20, 2007.

On November 3, 2004, the court issued an order stating that "effective immediately, the Clerk of Court shall decline to accept any filings from Harold Chorney, unless such filing has first been presented to Chambers and is specifically authorized by the Court for filing." Said order also indicated that Petitioner was "hindering the Trustee in performing his duty to conclude this case.

Despite the fact that almost three years have since passed, but in light of this November 3, 2004, decision, Petitioner is requesting your authorization to present to the Clerk of Courts, a Motion for Clarification and Memorandum in Support of this Motion concerning the billing of the attorney for the Chapter 11, Trustee.

Upon receipt of the court's authorization, Petitioner will mail the Motion and Memorandum with certification concerning the billing of the attorney for the Chapter 11 Trustee.

Sincerely,

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919
401 934-0536
hfchorney@earthlink.net

Enclosures: Postal Service letter of August 20, 2007
Original letter dated August 3, 2007
Motion to Clarify,
Memorandum in Support of Motion

E-75

CONSUMER AFFAIRS AND CLAIMS

UNITED STATES
POSTAL SERVICE

August 20, 2007

Mr. Harold F Chomey
16 Spring Dr
Johnston, RI 02919

Dear Mr. Chomey:

I am writing in response to your inquiry regarding a Certified Mailing, 7006 0810 0001 5710 7692, that you recently sent to Mr. Arthur Votolato of 380 Westminster Mall, Providence, RI 02903. Our records show that we have not delivered this mailing postmarked August 5, 2007.

An apology is no substitute for good service, but I want to offer one on behalf of the United States Postal Service. We appreciate your reporting this matter to us as it helps to know the kinds of difficulties our customers have so we can work toward improvements. This service failure is as disappointing to us as it is to our customers.

I will be happy to refund the amount of $2.65 which is the cost of our Certifed Fee.

Once again, please accept our apologies for this service failure. Despite the impression this instance has left with you, we hope you will be forgiving enough to give us another opportunity to serve you in the future. Your business is extremely important to us.

Sincerely,

John Clark
Consumer Affairs Representative

24 CORLISS ST.
PROVIDENCE, RI 02904-9631
401-276-6949
FAX: 401-276-6991

E-76

August 3, 2007

Arthur N. Votolato
U.S. Bankruptcy Judge
380 Westminster Mall
Providence, R.I. 02903

In Re: Cumberland Investment Corporation
89-11051

On November 3, 2004, the court issued an order stating that "effective immediately, the Clerk of Court shall decline to accept any filings from Harold Chorney, unless such filing has first been presented to Chambers and is specifically authorized by the Court for filing." Said order also indicated that Petitioner was "hindering the Trustee in performing his duty to conclude this case.

In light of this November 3, 2004, decision, Petitioner is sending for your authorization to present to the Clerk of Courts, a Motion for Clarification and Memorandum in Support of this Motion concerning the billing of the attorney for the Chapter 11, Trustee.

Copy of said Motion and Memorandum and Certification enclosed.

I await your response.

Sincerely,
Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919
401 934-0536

Petitioner will be out of town from August 9th until August 13th, 2007.

E-77

**UNITED STATES COURT BANKRUPTCY**
**COURT FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**

**INVESTMENT CORPORATION**

**CA. NO. 89-11051**

**PETITIONER'S MOTION TO CLARIFY**
**FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF**
**EDWARDS ANGELL PALMER & DODGE LLP**

Now comes Harold F. Chorney, pro se, a petitioner with property interests and an interested party in the above captioned matter and requests the court require attorney for the Chapter 11 Trustee, Edwards, Angell, Palmer & Dodge LLP (EAPD) provide some billing clarifications and states for cause those reasons set forth in the PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO CLARIFY FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF EDWARDS ANGELL PALMER & DODGE LLP.

Respectfully Submitted

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02903
401 934-0536

E-78

**CERTIFICATION**

I hereby certify that on this ______day of August 2007, I sent a copy of the above by first class mail to the following:

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

Harold F. Chorney

HAROLD F. CHORNEY

E-79

**UNITED STATES COURT BANKRUPTCY**
**COURT FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**

**CA. NO. 89-11051**

**INVESTMENT CORPORATION**

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CLARIFY FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF EDWARDS ANGELL PALMER & DODGE LLP**

Now comes Harold F. Chorney, pro se, a petitioner with property interests and an interested party in the above captioned matter and requests the court require attorney for the Chapter 11 Trustee, Edwards, Angell, Palmer & Dodge LLP (EAPD) provide some billing clarifications.

Said First and Final Application contains an Affidavit of Edward J. Bertozzi Jr. stating that,

> " Edward J. Bertozzi, Jr. and Edwards & Angell are disinterested as that term is defined in 11 USC section 101... and do not represent or hold any interest materially adverse to the estate......and Edwards & Angell represent Eastland Bank on matters not related to this case."

On July 3, 1991, an order was entered by the bankruptcy court stating, that Chorney's "standing is as an alleged creditor only, and whose interests as such are adequately represented by the Trustee."

Although EAPD has chosen not to seek payment of fees for services rendered to the Trustee during the period August 30, 1991 through December 22, 1993, detailed billing of EAPD's involvement with this case

E-80

is conspicuously missing regardless as to whether missing entries are a result of computer glitches or the failure to disclose is the result of an accidental omission or otherwise.

In light of the above, and in light of the fact that "Failure to disclose or produce materials requested in discovery can constitute 'misconduct' within the purview of Rule 60(b)(3)" Anderson, Inc. v. Cryovac, 862 F.2d 910, 923. (1st Cir. 1988.) Since, disclosure and production of materials have been requested in past discovery motions, Petitioner is requesting a clarification of the basis of the 3/22/91 billing entry concerning "Review Memos for Judge Pettine" in reference to Cumberland Investment Corporation.

Petitioner also requests the court require attorney for the Chapter 11 Trustee to supply Petitioner with other documentation involving Petitioner's interests, including but not limited to: any and all billing records which involve money borrowed from the estate of Cumberland Investment Corporation by the Trustee for administrative purposes in accordance with Title 11 U.S.C. section 364, as well as any billing records which may involve missing assets of the estate.

Petitioner withholds objection to application for fees and expenses, conditioned upon receipt of clarification and the production of billing

records related to money borrowed from the estate of Cumberland Investment Corporation and/or missing assets of the estate.

Furthermore Petitioner seeks a court order requiring a stipulation by Edwards, Angell, Palmer & Dodge LLP (EADP), stating that they are responsible for their actions during all relevant time periods during the bankruptcy of Cumberland Investment Corporation, despite the lack of billing for certain time periods, AND that the Court issue a "Comfort Letter" that the claims concerning (EADP) need not be pursued in the bankruptcy court.

Respectfully Submitted

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02903
401 934-0536

**CERTIFICATION**

I hereby certify that on this ______day of August 2007, I sent a copy of the above by first class mail to the following:

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

Harold F. Chorney
HAROLD F. CHORNEY