**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**
**INVESTMENT CORPORATION**

**Harold F. Chorney**
**Appellant**

**v.** **CA 08-189ML**

**Jason D. Monzack**
**John F. Cullen**
**Appellee**

**STATEMENT OF THE ISSUES**

Now comes Appellant Harold F. Chorney in the above referenced case, with property interests and without assistance of counsel, and presents the following STATEMENT OF THE ISSUES with the same concern as though it were to the First Circuit Court of Appeals.

All of the issues in the appeal to the District Court for the District of Rhode Island, filed on May 23, 2008 with the Clerk of the Bankruptcy Court, are interrelated with those presented in the Petition, Ca. No. 07-8038. The twelve issues previously raised below with the District Court for the District of Rhode Island (paragraphs 1-12 below) are manifestations of the four issues raised in the Petition to First Circuit Court of Appeals (paragraphs A-D below.)

1. The Bankruptcy Court has denied due process to the Petitioner by allowing the unfair taking of his personal property in violation of the Fifth Amendment to the Constitution of the United States of America and has implemented unfair procedures and decisions preventing Petitioner from discovering what happened to his personal property.
2. The Bankruptcy Court erred in not granting Petitioner, an aggrieved party with a pecuniary interest, his rightful standing to participate and question "professionals" on this case concerning an accounting of the assets of this case and the billings submitted by said "professionals". The due process clause of the Fifth Amendment to the Constitution of the United States of America, guarantees Petitioner the right to be heard in these circumstances.
3. The Court erred in not granting Petitioner, ordered by the Bankruptcy Court to pay $200,000.00 in financial compensation, with interest totaling in excess of $500,000.00, to have standing as an aggrieved party with a pecuniary interest, so that Petitioner could question the billings of those who claimed their services have been made necessary by the actions of Petitioner, especially in light of the fact that these billings contain numerous and serious discrepancies.
4. Petitioner was denied due process when a full and fair hearing was denied to Petitioner after he was presented with the "position" papers of the other

parties shortly before the hearing and the docket was manipulated to favor the presentation of those positions, depriving Petitioner the opportunity to respond adequately to the arguments presented.

5. Petitioner was denied due process when a full and fair hearing was denied to him after the docket was manipulated in a manner designed to deprive Petitioner the opportunity to present his case and to examine Attorney Bertozzi and Attorney Cullen concerning some 20 discrepancies in their billings.
6. Petitioner was denied due process when full and fair hearings were denied and discovery concerning Petitioner's Motion to Clarify, prior to the March 27, 2008 and May 7, 2008 hearings, was not allowed by the court.
7. Petitioner was denied a full and fair hearing when he could not ask through discovery or at the hearings on March 27, 2008 and May 7, 2008, whether payments were made to Attorney Bertozzi or Attorney Cullen as stated in the Court Order, dated December 12, 1990 [206-1].
8. Petitioner was denied a full and fair hearing by the unexplained absence of Attorney Cullen at the hearing on May 7, 2008. Attorney Cullen's absence deprived both Petitioner and the Bankruptcy Court of the ability to compare his billings to the billings of Attorney Bertozzi to possibly uncover evidence as to the location of Petitioner's personal assets.

9. Petitioner was denied due process when a request to the Court for a "comfort letter" concerning Attorney Bertozzi and Edwards Angell Palmer & Dodge LLP being responsible for their actions despite not being paid for the time billed in the so called "Missing Bertozzi Billing", was denied to Petitioner.
10. Petitioner was denied due process by failure of the court to administer this case by enforcing its fiduciary responsibility to have the Trustee provide an accounting of the assets of the case as required by statute.
11. Petitioner in being denied fair treatment and is being denied equal protection under the law in accord with the guarantees of the Fourteenth Amendment to the Constitution of the United States of America.
12. Petitioner avers that the repeated references to prior orders and sanctions of Petitioner by Judge Votolato and Judge Votolato's conduct and continued participation in Petitioner's hearing on the Motion to Clarify the billings deprived Petitioner of due process and the right to a full and fair hearing on his motion.

In light of the fact that each and every one of the twelve issues raised above to the District Court in the District of Rhode Island on May 23, 2008, is a manifestation of one or more of the issues raised in the November 1, 2007, Petition to the First Circuit, Appellant adopts these same four issues for this instant Appeal. Those issues presented are :

A. Whether the sanctions of the November 3, 2004 order as applied fall within the purview of F.R.C.P. Rule 60(b)(6) in that the imposition of sanctions preclude Petitioner of access to the courts.

B. Whether the history of failure by officers of the court to disclose or produce materials in civil and related criminal discovery so that Petitioner can present his case, can constitute misconduct within the purview of Rule 60(b)(3). See **Anderson v. Cryovac, Inc.**, 862 F2d 910, 923. (1st Cir. 1988.)

C. Whether Judge Votolato has engaged in conduct prejudicial to the effective and expeditious administration of the case thus committing wrongs against the institutions set up to protect and safeguard the public.

D. Whether Petitioner can obtain a fair hearing and be granted due process and equal protection under the law with Judge Votolato presiding over this case.

Respectfully submitted,

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919
401 934-0536

# CERTIFICATION

I hereby certify that on this 28th day July 2008, I sent a copy of the above by first class mail to the following:

John F. Cullen
Law Office of John F. Cullen, PC
17 Accord Park Drive, Ste 103
Norwell, MA 02061

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Arthur N. Votolato, Judge
380 Westminster Mall
6th Floor
Providence, R.I. 02903

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

John Fitzgerald, III,
United States Trustee
Thomas P. O'Neill, Jr. Federal Office Bldg.
10 Causeway Street Room 472
Boston, MA 02222-1043

John Boyajian
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, R.I. 02906

Matthew J. McGowan
Salter McGowan, Sylvia & Leonard
321 South Main Street
Providence, R.I. 02903

Harold F. Chorney

HAROLD F. CHORNEY