**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**
**INVESTMENT CORPORATION**

**Harold F. Chorney**
**Appellant**

**v.** **CA 08-189ML**

**Jason D. Monzack**
**John F. Cullen**
**Appellee**

**APPELLANT'S MOTION AND MEMORANDUM**

**TO CONSOLIDATE THE APPEAL TO THE**

**DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND,**

**CA 08-189ML, WITH CA 07-8038,**

**THE PETITION TO THE COURT OF APPEALS,**

**DATED NOVEMBER 1, 2007**

Now comes Appellant Harold F. Chorney, Pro Se, with property interests and an interested party in the above captioned matter, and moves to consolidate the appeal concerning the Motion to Clarify the FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF EDWARDS ANGELL PALMER & DODGE LLP, dated July 20, 2007, and concerning Appellant's standing to be heard on said issues with the Petition filed with the Court of Appeals

on November 1, 2007, and states for cause those reasons as argued below.

**PLEASE TAKE NOTICE THAT A DUPLICATE REQUEST CONCERNING CONSOLIDATION IS BEING MADE TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT**

## Jurisdiction

The District Court of the United States shall have jurisdiction to hear appeals from final judgments, orders , and decrees of a bankruptcy judge and with leave of the court, from other interlocutory orders and decrees in accordance with 28 U.S.C. §158(a)(1) and §158 (a)(3). Furthermore the United States Court of Appeals shall have jurisdiction of appeals from all final decisions of the District Courts of the United States…..28 U.S.C.A. §1291 AND INTERLOCUTORY ORDERS OF THE District Courts….28 U.S.C.A. §1292, when they have a final and irreparable effect on the rights of the parties.

Rule 42(a )F.R.C.P. allows consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceeding therein to avoid unnecessary costs or delay. Those sections involving fraud shall be stated with particularity in accordance with Rule 9(b) F.R.C.P.

## BACKGROUND

Appellant, Harold F. Chorney, has been involved with two related groups of proceedings before this Court. There have been appeals related to a civil bankruptcy case, 89-11051ANV, and a related criminal case 92-099P.

On July 21, 2008, the District Court for the District of Rhode Island, in CA. No. 08-189ML issued an ORDER, (Exhibit 1.) "in the interest of uniformity and orderly presentation of facts and legal issues." "The appeal to this Court shall be taken with the same concern as though it were to the First Circuit Court of Appeals." This ORDER underscores the merit of granting Appellant's instant motion to consolidate.

## DISCUSSION

Currently Appellant has a Petition, dated November 1, 2007, before the First Circuit Court of Appeals, IN RE: CUMBERLAND INVESTMENT CORPORATION Ca. No. 07-8038 concerning Bankruptcy Court decisions in Case Number 89-11051 as they relate to both civil and criminal matters. The parties, including the Appellee(s), involved with First Circuit Court of Appeals Ca. No. 07-8038 are the same parties and Appellees involved with the appeal to the District Court for the District of Rhode Island of the Bankruptcy Court bench decision of May 7, 2008, and order dated May 8, 2008. The decisions being appealed in the Circuit Court and the District Court are themselves based

upon the same legal arguments, made by the Appellees and adopted by the Bankruptcy Court, namely "the lack of standing of Mr. Chorney and the barring effect of final orders and judgments of numerous courts."

## ARGUMENT

A number of the issues in the appeal to the District Court for the District of Rhode Island, filed on May 23, 2008 with the Clerk of the Bankruptcy Court, are interrelated with those presented in the Petition, Ca. No. 07-8038.

For instance, the twelve issues raised below with the District Court for the District of Rhode Island (paragraphs 1-12 below) are manifestations of the four issues raised in the Petition to First Circuit Court of Appeals (paragraphs A-D below.)

1. The Bankruptcy Court has denied due process to the Petitioner by allowing the unfair taking of his personal property in violation of the Fifth Amendment to the Constitution of the United States of America and has implemented unfair procedures and decisions preventing Petitioner from discovering what happened to his personal property.
2. The Bankruptcy Court erred in not granting Petitioner, an aggrieved party with a pecuniary interest, his rightful standing to participate and question "professionals" on this case concerning an accounting of the assets of this case and the billings submitted by said "professionals". The due process

clause of the Fifth Amendment to the Constitution of the United States of America, guarantees Petitioner the right to be heard in these circumstances.

3. The Court erred in not granting Petitioner, ordered by the Bankruptcy Court to pay $200,000.00 in financial compensation, with interest totaling in excess of $500,000.00, to have standing as an aggrieved party with a pecuniary interest, so that Petitioner could question the billings of those who claimed their services have been made necessary by the actions of Petitioner, especially in light of the fact that these billings contain numerous and serious discrepancies.

4. Petitioner was denied due process when a full and fair hearing was denied to Petitioner after he was presented with the "position" papers of the other parties shortly before the hearing and the docket was manipulated to favor the presentation of those positions, depriving Petitioner the opportunity to respond adequately to the arguments presented.

5. Petitioner was denied due process when a full and fair hearing was denied to him after the docket was manipulated in a manner designed to deprive Petitioner the opportunity to present his case and to examine Attorney Bertozzi and Attorney Cullen concerning some 20 discrepancies in their billings.

6. Petitioner was denied due process when full and fair hearings were denied and discovery concerning Petitioner's Motion to Clarify, prior to the March 27, 2008 and May 7, 2008 hearings, was not allowed by the court.
7. Petitioner was denied a full and fair hearing when he could not ask through discovery or at the hearings on March 27, 2008 and May 7, 2008, whether payments were made to Attorney Bertozzi or Attorney Cullen as stated in the Court Order, dated December 12, 1990 [206-1].
8. Petitioner was denied a full and fair hearing by the unexplained absence of Attorney Cullen at the hearing on May 7, 2008. Attorney Cullen's absence deprived both Petitioner and the Bankruptcy Court of the ability to compare his billings to the billings of Attorney Bertozzi to possibly uncover evidence as to the location of Petitioner's personal assets.
9. Petitioner was denied due process when a request to the Court for a "comfort letter" concerning Attorney Bertozzi and Edwards Angell Palmer & Dodge LLP being responsible for their actions despite not being paid for the time billed in the so called "Missing Bertozzi Billing", was denied to Petitioner.
10. Petitioner was denied due process by failure of the court to administer this case by enforcing its fiduciary responsibility to have the Trustee provide an accounting of the assets of the case as required by statute.

11. Petitioner in being denied fair treatment and is being denied equal protection under the law in accord with the guarantees of the Fourteenth Amendment to the Constitution of the United States of America.

12. Petitioner avers that the repeated references to prior orders and sanctions of Petitioner by Judge Votolato and Judge Votolato's conduct and continued participation in Petitioner's hearing on the Motion to Clarify the billings deprived Petitioner of due process and the right to a full and fair hearing on his motion.

Each and every one of the twelve issues raised above to the District Court in the District of Rhode Island, is a manifestation of one or more of the issues raised in the November 1, 2007, Petition. These four issues are:

A. Whether the sanctions of the November 3, 2004 order as applied fall within the purview of F.R.C.P. Rule 60(b)(6) in that the imposition of sanctions preclude Petitioner of access to the courts.

B. Whether the history of failure by officers of the court to disclose or produce materials in civil and related criminal discovery so that Petitioner can present his case, can constitute misconduct within the purview of Rule 60(b)(3). See **Anderson v. Cryovac, Inc.**, 862 F2d 910, 923. (1st Cir. 1988.)

C. Whether Judge Votolato has engaged in conduct prejudicial to the effective and expeditious administration of the case thus committing wrongs against the institutions set up to protect and safeguard the public.

D. Whether Petitioner can obtain a fair hearing and be granted due process and equal protection under the law with Judge Votolato presiding over this case.

Appellant, in the STATEMENT OF THE ISSUES, dated July 28, 2008, has moved to make the same issues presented in the November 1, 2007 Petition to the Court of Appeals to be the same issues presented to the District Court in CA 08-189ML.

Appellant, in accordance with F.R.C.P. Rule 42(a), moves to consolidate both cases by incorporating exhibits and other documents, contained in the DESIGNATION OF THE RECORD and THE STATEMENT OF THE ISSUES, presented to the District Court, with those presented to the First Circuit Court of Appeals.

In appeals from the District Court reviewing proceeding before the Bankruptcy Court, the Circuit Court applies the "clearly erroneous" standard to findings of fact and de novo review to conclusions of law. *In re: Perry Hollow Management Company, Inc.*, 297 F.3d 34, 38 (1st Cir. 2002) *In re SPM Mfg. Corp.*, 984 F.2d 1305, 1310-11 (1st Cir. 1993). No special deference is owed to the District Court's determinations. See id. At 1311.

Based upon Judge Votolato's statement on May 7, 2008, concerning the allegations of discrepancies between the billings of Mr. Bertozzi and Mr. Cullen, when he says, "....let's take it that maybe your facts are not in dispute, where Mr. Cullen says he's with Edward Bertozzi and according to Edward Bertozzi's records he was doing something else......" somewhat narrows the

court's decisions to conclusions of law, at least with the appeal of the May 7, 2008 and May 8, 2008 decisions.

Both May 2008 Court Orders under appeal to the District Court, and the November 3, 2004 Court Order appealed in First Circuit Court Ca. No. 07-8038, revert back to Court Orders dated July 2, 1991 and July 2, 1992. Should the Circuit Court accept jurisdiction, they would already have the advantage of having information from the last eight months of pleadings to consolidate the cases, in accordance with Rule 42(a) and to perform a 'de novo' review on the merits of the cases, all in the public interest.

## CONCLUSION

Petitioner avers that no party will be harmed by case consolidation since the U.S. Trustee, the Chapter 7 Trustee Mr. Monzack, the Chapter 11 Trustee Mr.Cullen, and his former attorney Edward Bertozzi, have all been continuously serviced with all pleadings and exhibits concerning both the Petition to the Circuit Court of Appeals, the responses to a SHOW CAUSE ORDER AS TO WHY THE APPEAL SHOULD NOT BE DISMISSED, dated 2/28/08 as well as the documents contained in the Designation of the Record and Statement of the Issues to the District Court.

**WHEREFORE,** APPELLANT, for those reasons stated above and in the interest of justice and in the public interest, prays that this Honorable Court not

be adverse to a consolidation of the instant appeal with the Petition before the Court of Appeals.

Respectfully submitted,

Harold F. Chorney
Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919

401 934-0536

# CERTIFICATION

I hereby certify that on this 28th day July 2008, I sent a copy of the above by first class mail to the following:

John F. Cullen
Law Office of John F. Cullen, PC
17 Accord Park Drive, Ste 103
Norwell, MA 02061

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Arthur N. Votolato, Judge
380 Westminster Mall
6th Floor
Providence, R.I. 02903

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

John Fitzgerald, III,
United States Trustee
Thomas P. O'Neill, Jr. Federal Office Bldg.
10 Causeway Street Room 472
Boston, MA 02222-1043

John Boyajian
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, R.I. 02906

Matthew J. McGowan
Salter McGowan, Sylvia & Leonard
321 South Main Street
Providence, R.I. 02903

Harold F. Chorney

HAROLD F. CHORNEY