DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

Harold F. Chorney
Appellant

v. CA 08-189ML

Jason D. Monzack
John F. Cullen
Appellants

BRIEF OF APPELLEE EDWARDS ANGELL PALMER & DODGE LLP

APPEAL BY APPELLANT HAROLD F. CHORNEY FROM
BANKRUPTCY JUDGE ARTHUR N. VOTOLATO'S ORDER OF MAY 8, 2008
(DKT. NO. 1007) DENYING APPELLANT'S MOTION TO CLARIFY (DKT. NO. 966).

Edward J. Bertozzi, Jr. (riba #1124)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
401 274 9200
fax 401 276 6611
August 20, 2008

TABLE OF CONTENTS


| | | |
|---|---|---|
| Table of Contents | | i |
| Table of Cases | | i |
| I. | STATEMENT OF THE ISSUES | 1 |
| II. | STATEMENT OF THE CASE | 1 |
| III. | ARGUMENT | 1-2 |
| IV. | CONCLUSION | 2 |


TABLE OF CASES


*In re Great Road Serv. Ctr., Inc.*, 304 B.R. 547 (1st Cir. BAP 2004) 1

I. STATEMENT OF THE ISSUES.

The issues in this appeal are essentially only two:

1. Given that Appellant Harold F. Chorney ("**Chorney**") will never receive any of the funds of the bankruptcy estate of Cumberland Investment Corporation ("**Debtor**"), Chorney is not aggrieved by the payment of a portion of said funds to Edwards Angell Palmer & Dodge LLP ("**EAPD**") as partial payment of EAPD's Fee Application (defined below), and thus Chorney has no standing to participate in the Bankruptcy Court's adjudication of EAPD's Fee Application.

2. The issues which Chorney seeks to raise on this appeal have been previously decided by final orders and judgements.

II. STATEMENT OF THE CASE.

1. This appeal arises from Bankruptcy Judge Votolato's Order of May 8, 2008 (Docket No. 1007), denying Chorney's Motion to Clarify (Docket. No. 966; "**Chorney's Motion**"), which Chorney filed in response to the fee application (the "**Fee Application**") filed by EAPD on July 20, 2007, requesting fees and expenses for the period August 23, 1990, through August 29, 1991, during which time EAPD represented John F. Cullen, the Chapter 11 Trustee of the Debtor.

2. Chorney's Motion requested (a) clarification of one one-half hour time entry in EAPD's bill and (b) that EAPD "supply [Chorney] with other documentation involving [Chorney's] interests, including but not limited to: any and all billing records which involve money borrowed from the estate of Cumberland Investment Corporation by the Trustee for administrative purposes in accordance with Title 11 U.S.C. Section 364, as well as any billing records which may involve missing assets of the estate." Thus, Chorney's Motion attempts to use the Fee Application as an excuse to go on a fishing expedition for "missing assets of the estate".

III. ARGUMENT.

1. Chorney has no standing to contest the Fee Application because there is no conceivable way that he can get a penny out of the Debtor's estate. *In re Great Road Serv. Ctr., Inc.*, 304 B.R. 547 (1st Cir. BAP 2004). As stated in the Position dated February 27, 2008 (Docket No. 975) filed by Jason Monzack, the Chapter 7 Trustee (the "**Trustee**") of Debtor, the Bankruptcy Court entered judgment on July 2, 1992 against Chorney to pay $200,000 to the Trustee "as partial reimbursement for the deliberate post-petition damage [Chorney] has done to creditors" (said amount, with interest, would now be approximately $584,000), Chorney has never paid a cent to the Trustee on said judgment, and Chorney has failed for many years to file with the Trustee sworn semi-annual financial statements as ordered by the Bankruptcy Court. Per the Trustee, there are creditors of the estate who have claims for millions of dollars. It is inconceivable that the Bankruptcy Court would permit Chorney to be paid money from the Debtor's estate ahead of the creditors. Per the Trustee, the funds in the Debtor's estate are

sufficient to pay only a minority of the administrative expenses and a distribution of approximately 1% of the creditors' claims.

2. Chorney's argument that he has standing to contest EAPD's Fee Application because certain items allegedly missing from the estate are owned personally by Chorney is a blatant last-minute attempt to change the facts for his personal advantage. In Chorney's cover letter dated April 18, 2008, to the Bankruptcy Court, Chorney stated "Despite the fact that Petitioner [Chorney] has presented pleadings concerning the missing assets to this court, the district court, and the first circuit, Petitioner had argued his corporate ownership in the seized property and not argued the fact that some of the property seized, of significant value, either belonged to him personally or was non corporate property in which Petitioner has an interest." Said courts over the years have considered the issue of Chorney's standing. Chorney had opportunities then to argue his personal ownership of the "missing assets" rather than "his corporate ownership", but he did not do so. Such failure to claim personal ownership speaks volumes. The point is well made by the Trustee in his statement to the Bankruptcy Court at the May 7, 2008 hearing: "Mr. Chorney's intent can be seen from his most recent submission to this Court in which he says for apparently the first time since this case began, and in my memo I point out in the 18 ½ years that this case has been pending, and some 14 years since Mr. Chorney received the transcript of the removal of assets by the Chapter 11 Trustee, Mr. Chorney is now apparently saying that some of these assets were personal assets and not corporate assets, which I maintain shows the implicit recognition by Mr. Chorney that he has no standing and that all of these issues that he has sought to raise have been disposed of on prior occasions." (Transcript of May 7, 2008 hearing, page 5).

3. With regard to the second issue raised by this appeal, namely, that the issues which Chorney seeks to raise on this appeal have been previously decided by final orders and judgements, EAPD relies on and adopts the Trustee's position as set forth in the Trustee's Brief dated August 20, 2008, and notes that the Trustee, unlike EAPD, has been actively involved in litigating with Chorney since 1994.

IV. CONCLUSION.

Appellee EAPD requests that this Court affirm the May 7, 2008 Order (Docket No. 1007) of the Bankruptcy Court.

Respectfully submitted,

/s/ Edward J. Bertozzi
Edward J. Bertozzi Jr. (riba #1124)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
401 274 9200
fax 401 276 6611
email: ebertozzi@eapdlaw.com
August 20, 2008

**HAROLD F. CHORNEY**
**V. JASON D. MONZACK, JOHN F. CULLEN**
**C. A. NO. 08-189ML**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 20, 2008, I sent a copy of the Brief of Appellee Edwards Angell Palmer & Dodge LLP by prepaid first class mail to the following:

Gary Donahue, Esq.
U.S. Trustee's Office
10 Causeway Street
Boston, MA 02222

Jason D. Monzack, Esq.
KIRSHENBAUM & KIRSHENBAUM
888 Reservoir Avenue
Cranston, RI 02910

Harold Chorney
16 Spring Drive
Johnston, RI 02919

U.S. Trustee's Office
10 Dorrance Street, Room 910
Providence, RI 02903

/s/ Edward J. Bertozzi
Edward J. Bertozzi