**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: CUMBERLAND**
**INVESTMENT CORPORATION**

**Harold F. Chorney**
**Appellant**

**v.** **CA 08-189ML**

**Jason D. Monzack**
**John F. Cullen**
**Appellee**

**APPELLANT'S REPLY TO AND CITATION OF CERTAIN ERRONEOUS AND EGREGIOUS ALLEGATIONS CONTAINED IN THE BRIEF OF JASON MONZACK**

Now comes Appellant Harold F. Chorney, Pro Se, with property interests and an interested party in the above captioned matter, in response to the Brief of the Appellee.

The Conclusion of the Appellee's Brief requests that the Court dismiss Appellant's Appeal as frivolous.

The Appellee states that Appellant was enjoined from participating in this case regarding the disposition of assets, quoting In re Cumberland Inv. Corp. 2004 WL 2616318. However, the request for an accounting of the assets of the estate is quite different from participating in the disposition of assets. In fact it is the duty of the Trustee, according to 11 U.S.C. §702(2) to be accountable for all property

received and is responsible to furnish such information concerning the estate and its administration as is requested by a party in interest.

Although Appellant is a party in interest, he has been unable to obtain neither an accounting of the assets nor the administration of the estate.

The Appellee mischaracterizes the truth by stating that Appellant attempts to manufacture a basis for standing by saying , "In his offer of proof Chorney states that:"

> "Despite the fact that Petitioner has presented pleadings concerning the missing assets to this court, the district court and the first circuit, Petitioner had argued his corporate ownership in the seized property and not argued the fact that some of the property seized, of significant value, either belong to him personally or was non corporate property in which Petitioner has an interest."

First of all, the paragraph above was part of the Restricted letter to Judge Votolato on April 18, 2008. The Offer of Proof qualifies the time line involved from when Appellant became aware of when all the assets had allegedly been sold and accounted for in 1999. It was at this time that Appellant realized that the golden frogs and other personal property was missing. Both prior to and after that point in time no accounting of the assets was supplied to the Appellant despite continuous requests.

Appellee states that, "Eighteen and a half (18 ½ ) years after his case was filed Chorney now apparently asserts that he has a personal interest in "some of the property seized."

In response Appellant demonstrates to the court that he has always claimed

that "personal assets" were removed by the Chapter 11 Trustee, when corporate assets were removed. See pages E401-2 in Appendix IV, letters from David N. Cicilline, Esq. to Mr. Cullen concerning the fact that certain personal property of Mr. Chorney was removed by the Trustee. Mr. Cullen never provided an accounting of the assets seized, or copies of the videotapes of the removal of the assets, or of the inventory notebooks which were seized, nor did he respond to either of Mr. Cicilline's August 1990 or September 1990 letters.

The Appellee then states, "Chorney will make any statement and make any claim of misconduct that he believes will serve to keep this case open."

In response, Appellant states that it is not up to Appellant to close the case and write the Final Report. The Appellant has not filed any pleadings from the time enjoined from doing so in November 2004 until Mr. Bertozzi filed his billing on July 20, 2007, with exception of objections to Motions concerning Trustee attempts to collect a $200,000 Judgment and verbal examination of Appellant because of his documented brain injury [See Docket 916, 10/28/2005] .

In addition to Appellee's outright mischaracterization of facts as noted above, the Appellee's claim that Appellant is trying to keep this case open is without logical substance.

Respectfully submitted

Harold F. Chorney

Harold F. Chorney
16 Spring Drive
Johnston, R.I. 02919
401 934-0536

David N. C[illegible]

Attorney at Law

165 Atwells Avenue

Providence, Rhode Island [illegible]

(401) 273-[illegible]

August 24, 1990

John F. Cullen
Cullen & Resnick
Charlestown Navy Yard
Shipway Place, C-3
Boston, MA 02129

Re: <u>Cumberland Investment Corporation</u>
<u>C.A. 89-11051</u>

Dear Mr. Cullen:

Please be advised that I represent Harold Chorney, president and chief executive officer of the Cumberland Investment Corporation. I have been advised by Mr. Chorney that on August 23, 1990, at your direction, a search and seizure of evidence was conducted on the premises of the Cumberland Investment Corporation. During the course of this search certain items and documents were seized, including certain personal property belonging to Mr. Chorney. I am certain that you are aware of the Constitutional prohibitions against unreasonable searches and seizures and the protections which are afforded to citizens under the Fourth and Fourteenth Amendments to the Constitution of the United States. I am requesting, therefore, that you forward to me a complete inventory describing all items and documents which were seized from the premises of the Cumberland Investment Corporation, and further that you furnish me with copies of any documents or materials upon which you rely for the authority to enter the premises of the Cumberland Investment Corporation.

In advance, I thank you for your attention to this matter, and I look forward to hearing from you.

Very truly yours,

DAVID N. CICILLINE, ESQ.

DNC:laf

E 401

David N. Cicilline
Attorney at Law
165 Atwells Avenue
Providence, [illegible]

(401) [illegible]

September 13, 1990

John F. Cullen
Cullen & Resnick
Charlestown Navy Yard
Shipway Place, C-3
Boston, MA 02129

Re: Cumberland Investment Corporation
C.A. 89-11051

Dear Mr. Cullen:

I write once again with regard to the above-referenced matter. I have enclosed a copy of a missive which I forwarded to you on August 24, 1990, regarding the search and seizure of evidence from the premises of the Cumberland Investment Corporation. I have not, however, received any response from you regarding this request. I would appreciate your attention to this matter at your earliest convenience.

Again, thank you for your attention to this matter, and I look forward to hearing from you.

Very truly yours,

DAVID N. CICILLINE, ESQ.

DNC:laf

cc: Harold Chorney

E 402

**CERTIFICATION**

I hereby certify that on this 26th day August 2008, I sent a copy of the above by first class mail to the following:

John F. Cullen
Law Office of John F. Cullen, PC
17 Accord Park Drive, Ste 103
Norwell, MA 02061

Jason D. Monzack
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, R.I. 02910

Edward J. Bertozzi, Jr.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

Arthur N. Votolato, Judge
380 Westminster Mall
6th Floor
Providence, R.I. 02903

Leonard DePasquale, AUST
Office of the U.S. Trustee
10 Dorrance Street
Providence, R.I. 02903

John Fitzgerald, III,
United States Trustee
Thomas P. O'Neill, Jr. Federal Office Bldg.
10 Causeway Street Room 472
Boston, MA 02222-1043

John Boyajian
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, R.I. 02906

Matthew J. McGowan
Salter McGowan, Sylvia & Leonard
321 South Main Street
Providence, R.I. 02903

Harold F. Chorney

HAROLD F. CHORNEY